## RENNER et al. v. NATIONAL BISCUIT CO.
### No. 11548.

Court of Civil Appeals of Texas. Galveston.

June 24, 1943.

Rehearing Denied July 22, 1943.

Earl Cox and Arthur Mandell, both of Houston (Earl Cox, of Houston, of counsel), for appellants.

Wood, Gresham, McCorquodale & Martin and M. S. McCorquodale, all of Houston, for appellee.

GRAVES, Justice.

The appellee acquiesces in the correctness, as such, of this statement from appellants' brief:

"This is a suit for the recovery of damages because of personal injuries. Earl Renner and Callie D. Stewart, appellants here and plaintiffs below, brought separate suits against the National Biscuit Company to recover damages because of injuries sustained by them when the automobile which was being driven by Callie D. Stewart, and in which Earl Renner was riding as a passenger, was involved in a head-on collision with the truck of the National Biscuit Company, appellee here, and defendant below. Upon motion these two suits were consolidated and were tried together. An element of the appellee's defense was that its truck had been collided with by another car going in the same direction as was the appellants' car immediately prior to the col-

lision of the truck with the appellants' car, and that as a result of the first collision its driver had lost control of its truck. The jury found that the plaintiffs below were in no manner negligent; that the collision was not the result of an unavoidable accident; that the defendant's truck was collided with by the third automobile just before colliding with appellants' car; that such truck was thrown out of control; that the driver did not regain control before striking appellants' car; that the failure of the driver to regain control was negligence, and that such negligence was a proximate cause of the collision with appellants' car, and that appellants had been damaged in the total sum of $23,425. The trial court overruled the appellants' motion for judgment on the verdict of the jury; overruled appellee's motion for a judgment non obstante veredicto; sustained appellee's motion that the findings of the jury that appellee's driver was negligent in failing to regain control of the truck and that such negligence was a proximate cause of the collision be disregarded, and that judgment be entered in its favor on the remainder of the jury's findings, and entered judgment on the remainder of the jury's findings in favor of the appellee."

In material substance appellants make in this court but two points for a reversal of the judgment so rendered adversely to them below:

(1) The trial court prejudicially erred in so disregarding the jury's verdict, in response to special issues Nos. 6 and 7, to the effect that the failure of appellee's driver to regain control of its truck before striking their car was both negligence and a proximate cause of the collision, because the evidence was sufficient to support both such findings;

(2) The remainder of the jury's findings—after such elimination of the appellee's driver's negligence—"were in such irreconcilable conflict as that they could not form the basis for the entry of any judgment whatsoever, for that such remaining findings were that the appellants were not guilty of any act which was negligent; the appellee was not guilty of any act which was negligent, but yet the collision complained of was not the result of an unavoidable accident."

After careful consideration of the record, the able briefs, and oral arguments of both sides, this court is unable to see eye to eye with either of appellants' contentions; to the contrary, it must hold that no reversible error has been made to appear.

During the oral argument it was mutually conceded by the parties that, under Rule 301, Texas Rules of Civil Procedure, the trial court properly disregarded these two stated findings as to the appellee's driver's negligence, provided they "had no support in the evidence"; so, as appellants' first point on the appeal succinctly states it, that is the controlling issue of law presented here.

It may be well to parenthetically insert at this stage the recital that the appellee while first combatting affirmatively both given contentions of the appellants, also urges a further one to the effect that, in no event, could a judgment in appellants' favor have been properly rendered, or be permitted to stand, even were it held that the evidence did raise issues of fact over whether or not appellee's driver had been so negligent, because it further conclusively appears that such two findings were so against the overwhelming weight and preponderance of the evidence as to have been clearly wrong.

Since all the participants on both sides of this accident lived to and did tell the story of it, and that as eye-witnesses, the corpus of the happening was quite substantially, in the first instance, established by them; that was added to by other witnesses, testifying as to what they saw and heard, along with what the physical facts of the scene showed.

While the principals differ as to some details of what occurred, this court considers that the profert made of the scene and the full context of each witness's testimony so reduce these differences that reasonable minds—allowing for inaccuracies of speech and expression, especially as to the time within which the events here involved took place, by untrained persons —cannot substantially differ over the final conclusion that Murdoch, appellee's driver, was not shown to have been guilty of any actionable negligence towards the appellants in having failed in the exigencies in which he was placed to regain such control of his truck as would have enabled him to avoid this second collision with their car within the very short time he had at his disposal.

■ This court defined the applicable measure of such "control", it is thought,

in Justiss v. Naquin, Tex.Civ.App., 137 S.W.2d 72, 76, as follows: "In connection with Special Issue No. 3, you are instructed that the term 'Under control', as applicable to Special Issue No. 3, means that the operator, by the means at his command and by the use of ordinary care, could so lessen the speed of his automobile or even stop it if necessary, as to avoid the danger of a collision without injury to any person or thing he could have reasonably anticipated as probably being on his righthand half of the highway, or near enough thereto to be struck by any part of his automobile."

Indeed, there would be no rationale behind the submission of such a question to a jury as one of fact, if the "control" inquired about in such an exigency did not mean such a control as might enable the driver to avoid the collision impending.

 It would serve no needful purpose to undertake a recapitulation of the evidence bearing upon the quality of Murdoch's action, which at least resulted, undisputedly, in his failure to regain that character of control in this instance; but this summary from appellee's brief—edited only in a few particulars—is thought not only to fairly reflect what actually transpired, but to clearly indicate that he was not actionably negligent, to-wit:

"He was knocked out of his seat, thrown hard against the left door of his truck, the breath was knocked out of him, his hands were knocked loose from the steering wheel, his feet were knocked off the clutch and brake pedals; he didn't ·know where his truck was on the highway, or what direction it was headed in; he looked up and saw the two headlights· of the Oldsmobile directly in front of him, and about 40 to 50 feet distant, as he put it; grabbed the wheel; cut to the right; the truck responded; but the collision took place in the next few moments. The jury has found as a fact that the truck was knocked out of control by the first collision; and that it remained out of control until the second collision. It is a matter of common knowledge, too plain for dispute, that a driver knocked out of his seat, knocked loose from the steering wheel and brakes, with his truck completely on the wrong side of the highway out of control, could not possibly regain effective control of the vehicle and get back on the right side of. the highway so far away within "a matter of seconds", as appellant

himself estimated the time. Exhibits 14, 15, and 17, photographs of the truck and Oldsmobile, show great damage was done to the front part of both vehicles, and that the collision was almost head-on. Murdoch needed several seconds at least to steer the truck back to his righthand lane of the highway, as he was completely over in his lefthand lane."

In these distinctive circumstances, no facts were testified to upon what he did or did not do, except by Murdoch himself, and his own recitals in no particular seem to this court to raise more than a scintilla of negligence against him, if that much. In fact, the situation he was in presents almost a counterpart, it is thought, of that passed upon by this court, through Judge Cody, in Thurmond v. Pepper, Tex.Civ. App., 119 S.W.2d 900, 903; wherefore, the declaration there made as to the quality of the truck driver's action in that cause is thought to be equally applicable to Murdoch's in this instance, to-wit:

"If Pepper discovered that deceased was in danger of serious injury because of the suddenly discovered threatening collision, he likewise discovered himself in danger of serious injury from the same cause. And self-preservation is the first law of nature. What a man does in good faith effort to defend himself from receiving serious injury he can justify by his good faith."

In view of the conclusions stated upon appellants' first presentment, it is thought the other jury findings on unavoidable accident and contributory negligence become immaterial. 30 Tex.Jur., p. 649, § 3; Southland Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Aranda v. Texas & N. O. R. Co., Tex.Civ. App., 140 S.W.2d 236; (error dismissed); Big Six Oil Co. v. West, Tex.Civ.App., 136 S.W.2d 950, (error dismissed)·; Ripley v. Dozier, Tex.Civ.App., 45 S.W.2d 661; Montgomery v. Houston Elec. Co., 135 Tex. 538, 144 S.W.2d 251; Fort Worth & D. C. Ry. v. Welch, Tex.Civ.App., 154 S.W.2d 896; Allen v. Texas & N. O. Ry. Co., Tex.Civ.App., 70 S.W.2d 758; (Error dismissed); Shell Oil Co. v. Dennison, Tex.Civ.App., 132 S.W.2d 609, (error dismissed); Gulf. C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Gertzwiller v. Ferguson, Tex.Civ.App., 145 S.W.2d 913; Neely v. Woolley, Tex.Civ.App., 154 S.W.2d 973; Bishkin v. Campbell, Tex. Civ.App. 107 S.W.2d 919; Ford v. Hughes,

Tex.Civ.App., 90 S.W.2d 290; English v. Terry, Tex.Civ.App., 85 S.W.2d 1063, affirmed 130 Tex. 632, 112 S.W.2d 446; Rule 301, R.C.P.; Art. 2211, R.S. 1925.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.