## SALLEY v. BLACK, SIVALLS & BRYSON.

### No. 12012.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 23, 1949.

Rehearing Denied Dec. 14, 1949.

Perkins & Floyd, Alice, for appellant.
David A. Grose, Alice, for appellee.

NORVELL, Justice.

K. C. Salley, doing business as the K. C. Salley Trucking Company, has appealed from a judgment rendered against him upon jury findings. Damages were assessed for injuries to an oil well treater which toppled over and hit a truck while being installed. The jury found: (1) That on or about April 27, 1947, the appellee, Black, Sivalls & Bryson, a corporation, plaintiff below, employed appellant to unload an oil well treater from a truck onto the ground and set the same in proper position; (2) that appellant's agent and employees were negligent in attempting to set the treater in proper position; and (3) that such negligence was the proximate cause of the damages sustained by appellee.

Appellant went to trial upon a general denial and here complains of the trial court's refusal to submit three requested issues: (1) Were appellant's employees under the control of appellee at the time of the accident? (2) Were appellant's employees under the control of others than defendant at the time of the accident? (3) Was the proximate cause of damages to the treater, the leaving of a truck of the Sunray Oil Company in the line of fall of the treater?

L. E. Jones, manager of the office of appellee, located at Alice, Texas, testified as follows: The appellee company manufactured various kinds of oil well equipment, such as separators, tanks and treaters. The particular treater here involved was a large tank, about twenty-eight feet high, cylindrical in shape and six feet in diameter. It was constructed of steel plates welded together and contained a number of tubes, pipes, smaller tanks and a fire box. It weighed about 15,500 pounds. The treater had been purchased by the Sunray Oil Company and transported by truck from Kansas City, Missouri, to the Sunray-Dunlap No. 4 lease, located north of Premont in Jim Wells County, Texas. The Alice office of appellee was not equipped to unload and set this treater in position, consequently, the witness called the K. C. Salley Trucking Company on the telephone and made arrangements for said company to unload said treater and set it up in place.

K. C. Salley, the owner of the trucking company, testified that he was the person who talked to Jones over the phone. He did not deny the conversation testified to by Jones, but testified as follows: "I did not feel that I was responsible for this treater under this contract as I considered Black, Sivalls and Bryson were hiring our equipment. It is only when our trucks and driv-

ers arc hauling on the highway and have a collision that they are responsible. If our trucks and equipment and men are hired by the hour, as they were, the party hiring them has full control of the truck and equipment, and if something happens to what these men are doing the party hiring them is responsible for the damage. That is the custom."

The testimony of Jones, as to his telephone conversation with Salley, as well as the evidence relating to what occurred when installation of the treater was attempted, supports the jury's answer to the effect that the appellee employed appellant to unload and set the treater in proper position. Salley's conclusions or opinions as to his own responsibility do not constitute evidence which would support the submission of the first two special issues requested by the appellant. The court, consequently, did not err in refusing to submit these issues to the jury.

The third special issue requested by the appellant seems to be based upon the theory that the proximate cause of damage to the treater was the act of a third party, to-wit, the Sunray Oil Company, whose employees left a truck in the line of the fall of the treater.

It appears that appellant's employees attempted to upend the treater and stand it upon a prepared base. Some assistance was rendered by an employee of the Sunray Company who was using a truck in connection with the operation. Before the treater was finally placed upon its stand in a perpendicular position, it toppled over and struck the truck. It seems to be appellant's contention that the damage was caused by the treater's hitting the truck, and that very little or no damage would have resulted had the treater simply fallen over onto the ground.

This type of defense, i. e., that the injury complained of was caused by the act of a third person, is one which a defendant, prior to the adoption of the Texas Rules of Procedure, was entitled to have submitted to a jury under a general denial when raised by the evidence. Such a defense operates by way of rebuttal rather than by avoidance. Assuming findings favorable to

a plaintiff upon asserted issues of liability, then favorable answers for a defendant upon rebuttal issues result in conflicting findings and mistrial. For example, findings of negligence and proximate cause favorable to a plaintiff and against a defendant conflict with a finding that the sole proximate cause of injury was the act of a third party. An affirmative defense of avoidance, on the other hand, defeats liability. An example of this type of defense is contributory negligence. Rule 94, Texas Rules of Civil Procedure.

Issues relating to defenses by way of rebuttal or by way of avoidance are regarded as affirmative issues within Rule 279, T. R. C. P., which provides that a "party (with a few exceptions not applicable here) shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written plea on his part."

In view of these provisions of Rule 279, appellant was not entitled to the submission of an issue embodying the theory of liability of a third party in the absence of special pleadings asserting that defense. In our opinion, the trial court's refusal to submit appellant's first and second requested issues could be sustained for the same reason. These issues present the contention that the parol contract involved was not in the terms alleged by appellee, but in certain other terms suggested by appellant. 20 Texas Law Review 38.

We are unable to agree with appellant's contention that the issues requested by him were tried by implied consent of the parties under Rule 67, T. R. C. P. Evidence which would tend to support these issues would also tend to rebut appellee's theory of recovery. An objection to such evidence would be untenable and it therefore could not be said that by failing to make an unfounded objection, appellee agreed to a submission of appellant's suggested affirmative issues. Further, Rule 67 contains a specific proviso relating to Rules 277 and 279.

Appellant's points of error are overruled. As to rebuttal issues before the adoption of

the Texas Rules of Civil Procedure, see Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984. As to changes effected by the Rules of Civil Procedure, see "The Use of Special Issues Under the New State and Federal Rules (1941)" by J. B. Dooley, 20 Texas Law Review, 32, 1. c. 37–38. Annotations under Rule 279, Franki's Rules of Civil Procedure, particularly the discussion of the field of inconsistent theories in connection with affirmative issues raised only by general denial, by former Chief Justice James P. Alexander (1941).

The judgment is affirmed.