**MAYWALD et al. v. PERRY.**

No. 12486.

Court of Civil Appeals of Texas. Galveston.

Jan. 15, 1953.

Rehearing Denied Feb. 5, 1953.

Myers & Fuller, Pliny V. Myers and Brann Fuller, of Houston, for appellant.

Allen, Smith, Neal & Lehmann and Claude T. Allen, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Clarence D. Perry, for the recovery of damages alleged to have been sustained by him as a result of the negligence of appellant, J. A. Maywald, doing business as Maywald Trailer Company, by whom he was employed in the repair of trailer equipment.

A default judgment with writ of inquiry to ascertain the amount of appellee's damages was rendered in favor of appellee.

On a trial on the writ of inquiry a jury found in answer to a special issue submitted that appellee had sustained damages in the sum $5,000 as a proximate result of appellants' negligence and judgment was rendered in appellee's favor in accordance with the jury's verdict.

Appellants rely on one point of assigned error. They contend that the trial court erred in overruling their objections to the court's charge and in refusing to submit to the jury an issue as to whether appellee could have lessened the damages sustained by him as a result of said accident by the use of ordinary care and in having his injuries properly treated.

The record discloses that appellant did not plead that appellee had failed to use ordinary care in the mitigation of damages and that no issue or explanatory instruction on the mitigation of damages had been requested by appellant, and that appellants had failed to comply with Rule 279, Texas Rules of Civil Procedure.

It is the settled law of this State that if a defendant wishes to contend that the plaintiff had negligently failed to minimize damages, for which recovery is sought, he must affirmatively plead such failure, and the fact that by the exercise of reasonable diligence after appellants' breach the appellee might have minimized his damages in any way is a matter which must be pleaded by the defendant in confession and avoidance and evidence of any such fact is inadmissible under a general denial. McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, writ refused; Baker v. Cobb, Tex.Civ.App., 221 S.W. 314; World's Special Films Corp. v. Fichtenberg, Tex.Civ.App., 176 S.W. 733; Ft. Worth, etc., Ry. Co. v. Morrison, 58 Tex. Civ.App. 158, 123 S.W. 621.

The defense that a plaintiff might have minimized his damages in any way is an affirmative defense and in order to show error on appeal because of the court's failure to submit issues or explanatory instructions on that point, it was necessary for appellants to have requested such issues or explanatory instructions in substantially correct form. Rule 279, Texas Rules of Civil Procedure.

In this case no explanatory instruction on failure to mitigate damages was requested, but appellants in their pleadings failed to set up the affirmative defense of the failure of appellee to minimize the damages and no issue or explanatory instruction on the mitigation of damages in substantially correct form was requested by appellant.

Under this record appellants can show no error in the failure of the trial court to give explanatory instructions or issues on the mitigation of damages.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.