**SHEPARD v. OUTLEY et al.**

No. 12504.

Court of Civil Appeals of Texas. Galveston.

Jan. 22, 1953.

Rehearing Denied April 16, 1953.

Frank O. Barnes, Croom & Croom, Sam G. Croom, of Houston, for appellant.

P. Harvey, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court of Harris County, Honorable Roy F. Campbell, Judge, presiding, with a jury, entered in part upon the jury's answers to Special Issues submitted and in part upon independent findings of fact by the court itself from the evidence, decreeing specific performance in favor of the appellee, Lena Outley, against the appellant, Louis Shepard,—conditioned that she, prior thereto, deposit in the registry of the court for his benefit $972.78—of this pre-existing realty contract between them: ·

"Houston, Texas, Nov. 18, 1947. To whom it may concern: This contract is to show that Louis Shepard is selling Lot No. 68–69, one four (4) room house, one two (2) room house, frame building, all on said property, in the 'First College Addition, Houston, Texas,' Harris County, to Lena Outley; For the amount $1600.00; 8% with down payment of $115.00. Balance in monthly payments of $40.00, due every first of the month. In case of sickness be allowed ninety (90) days.

(Signed) Louis Shepard.
"Witness: Davis Jones.
Witness: Mamie Jones."

The two Special Issues the jury answered in the appellees' favor were that she and her husband had paid the appellant $987 on such contract of purchase of the property, and that the appellee, Lena Outley, had not entered into an oral agreement with the appellant, Louis Shepard, on or about the 1st of January, 1949, to rescind such contract of purchase between them.

Other issues contingent upon contrary answers being returned to such first two, so answered in the appellees' favor, were not answered.

Whereupon, the court, from its own findings, reduced the $987 amount, so found by the jury, to $972.78 so fixed as the required deposit. The appellees promptly complied with the court's requirement, hence this appeal.

In this Court appellant urges two points of assigned error, in substance, these: (1) the findings of the jury to such Special Issues 1. and 2. were each without support in the evidence, and so against the great preponderance of the evidence as to show that a manifest injustice has been done; (2) the court abused its discretion and clearly erred in refusing to permit appellant to file below a trial amendment "setting up specific, equitable rights, after both sides had rested, but before the court's charge to the jury, on the sole ground that it was tendered too late."

None of appellant's contentions, it is determined, should be sustained.

There is no showing in the record of any abuse of the trial court's discretion in so refusing to permit appellant to file the requested trial amendment; the record shows that at that time the trial had been fully completed, and both parties had rested; 3–B Tex.Jur. (Rev.) Par. 926, page 417, and foot-note-cited cases.

This Court further finds no dearth of evidence, under the jury's stated answers to Special Issues 1. and 2.; upon the contrary, after studying a very careful and painstaking statement of facts in the record, this Court can reach no other conclusion than that the jury was well within its exclusive province, in returning the answers it did to those inquiries. Appellant, in much earnestness, appeals to this Court to exercise its exclusive authority to set those two findings aside, on the ground that they are at least so against the overwhelming weight and preponderance of the evidence as to be clearly wrong; but, while noting the inaccuracies and crudities in statement and conception of the nature of the court proceedings, in which they were involved, on the part of the different witnesses, it is concluded that the preponderance of the testimony was decidedly upon the side of the appellees.

Indeed, the learned trial court, recognizing that both sides to this controversy were all Negroes, with the deficiencies in education, experience, and understanding of the requirements in such judicial proceedings, used the services of an experienced and licensed Certified Public Accountant, to take the papers, books, and statements in the possession of both sides in this controversy, and make thorough going audits of them all, including especially the "account book," as kept by the appellant, and which he contended showed his contention —that the contract of purchase declared upon had long been supplanted by an oral agreement between Lena Outley and himself, to rescind the original contract of a sale of the property to her, and convert herself into a mere tenant of his, as the owner of the property, who had been all that time making all the payments she did as rent thereon to him as its owner; but, such officer's testimony and findings convinced the trial court, as they have also this court, that the appellees' contention that she had never made any such rescission contract, was clearly an issue for the jury. Its verdict, therefore, is binding upon this Court. Dial v. Crain, 10 Tex. 444, at page 453–454; McDonald v. Whaley, Tex.Com.App., 244 S.W. 596, par. 3; 27 C.J. 337, 343, par. 425, 427, 37 C.J.S., Frauds, Statute of, §§ 246, 248; 43 Tex.Jur., page 333, top, and footnote 16 cited cases; Holt v. Manley, Tex. Civ.App., 146 S.W.2d 773.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.