Carnes W. WEAVER, d/b/a Carnes W.
Weaver Drilling Co., Appellant,

v.

J. D. BOGLE, d/b/a Bogle Pipe & Steel Co.,
Appellee.

No. 3634.

Court of Civil Appeals of Texas.

Waco.

June 4, 1959.

Vinson, Elkins, Weems & Searls, Sidney S. McClendon, III, Houston, for appellant.

Dyche, Wheat & Thornton, Houston, for appellee.

TIREY, Justice.

This cause involves the action of the trial court in refusing to permit the cross-defendant, appellant, to file a sworn amended answer alleging set-off and counterclaim as a defense to the appellee's original cross-action. It does not yield to a simple statement. On appellee's sworn pleading the Court awarded judgment in favor of appellee in the sum of $6207.46, with interest, together with an attorney fee.in the amount of $1250. The judgment was entered on the 3rd day of July, 1958, and the Court, on its own motion, ordered that execution on the judgment be, stayed until November 24, 1958. Appellant perfected its appeal to the Houston Court and the cause is here on transfer.

The judgment is assailed on two points. They are substantially to the effect that the Trial Court erred:

1. In refusing to permit appellant to file a sworn amended answer alleging set-off and counterclaim as a defense;

2. In rendering judgment in favor of the appellee and suspending execution thereof until the week of November 17, 1958.

These points present one question, and that is, did the Trial Court act arbitrarily and abuse his discretion in striking appellant's amended answer and set-off tendered and filed after he had announced ready for trial on the merits? We think the answer is No for the reasons hereinafter stated.

Mrs. Eva M. Cannon and others filed their original petition on June 15, 1956, in the District Court of Brazoria County, and J. D. Bogle was made one of the defendants in that cause of action. Bogle, on July 14, 1956, filed his original answer and cross-action in the Brazoria Court, and set up his claim against Carnes W. Weaver and

others, (the other parties not being pertinent here) it being an itemized claim for pipe sold totaling $6207.46, with interest, together with a claim for attorney fees.

The itemized account represented the purchase price of pipe delivered by the appellee to the appellant and was shipped to two separate well drilling operations.

Appellant seasonably filed his plea of privilege in the District Court of Brazoria County on the 23rd day of August, 1956, in which he set up that the cause of action against him should be transferred to the District Court of Harris County. Bogle did not controvert the plea of privilege, and the Trial Court did not enter any order thereon until the 7th day of March, 1958, at which time the Brazoria Court transferred the cause to the District Court of Harris County, and the transfer papers were filed with the Harris County District Clerk on April 3, 1958. On April 7, 1958, appellant, Weaver, and others, filed their original answer unverified in the District Court of Harris County, and pertinent to this discussion, it denied the allegations in Bogle's itemized sworn account. On June 25, 1958, appellant filed his motion to dismiss appellee's cross-action, and Bogle filed his reply to the Motion on June 28, 1958. On June 30, 1958, Weaver filed his sworn denial and answer to Bogle's cross-action in which he alleged that he had been damaged in the amount of $41,586.75 because of the failure of the pipe sold to him by appellee. The decree recites that the cause came on for hearing on the 30th day of June, 1958, and that all the parties and their attorneys of record announced ready for trial, and that thereupon appellant, Weaver, urged the Court to act on his motion to dismiss appellee's cross-action, and the Court, after considering this motion, overruled the same, to which appellant, Weaver, excepted. The judgment further recites that after the Court overruled appellant's motion for dismissal, he tendered for filing his sworn denial and amended answer to Bogle's cross-action against him

and, thereupon, appellee's attorney orally moved to strike such sworn denial and amended answer, and this motion was granted, and the Court decreed accordingly. Appellant, Weaver, excepted to the action of the Court. The Court then proceeded to try the case without the aid of a jury and there being no defense in the pleadings against appellee's verified account, the Court rendered judgment as above stated.

As we understand appellant's brief it is his contention that because Bogle neglected to controvert his plea of privilege, and further neglected to see that the cause was duly transferred to the District Court of Harris County for a period of about one and one half years that, under the circumstances, the District Court of Harris County acted arbitrarily and abused his discretion by striking his verified answer and off-set for damages against Bogle's verified account. We overrule this contention because it is our view that under the record here the Trial Court's action should not be disturbed. It is true that Bogle was not diligent in that he failed to controvert appellee's plea of privilege, and further failed to have the District Court of Brazoria County to enter an order transferring the cause to the District Court of Harris County, but that question was presented to the Trial Court of Harris County in appellant's motion to dismiss this cause, and appellant admits that the Court's action in overruling the motion to dismiss was within the discretion of such Court, and that it did not abuse its discretion, so, that question is out of the case. It is also true that appellant, after the cause was transferred to the District Court of Harris County, seasonably prepared and filed his original answer to Bogle's cause of action, but such answer was a formal reply and did not put in issue any defense on behalf of the appellant against Bogle's sworn account. As we understand the record appellant announced ready for trial with his original answer unverified on file, and his motion to dismiss

on file, but after the Court acted on his motion to dismiss appellee's cause, the Court permitted him to file his verified reply and off-set to appellee's cause of action, but the Court, on oral motion of appellee, struck such amended answer. Rule 63, Texas Rules of Civil Procedure provides in part: "provided, that any amendment offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there be a showing that such amendment will operate as a surprise to the opposite party." Appellant says in effect that the Trial Court should not have stricken his amended answer under the foregoing Rule, and he further says in effect that one reason he did not file his amended sworn answer before the seven day period was due to the fact that appellant did not choose to weaken his motion by pleading various matters in the alternative in advance of a ruling on the motion. We see no merit in this contention because appellant had previously filed in one of the District Courts of Harris County a separate suit against appellee involving, as we understand, his damages for failure of the pipe which appellant sought to off-set against appellee's verified account. As we understand appellant's position it is, that appellee had pleaded the statute of limitation in defense of the action appellant asserted against appellee in another suit in Harris County, and in the event such plea of limitation is sustained, that appellant will be denied his relief against appellee, unless he be allowed his counterclaim in this cause. We see no merit in this contention because if such was in the mind of appellant's counsel, he should have exercised his privilege of filing the amended answer and off-set prior to the seven days provided for in Rule 63, T.R.C.P. As we understand appellant it is his contention that the Trial Court should have overruled appellee's oral motion to strike his amended sworn answer, and if in such event appellee did not desire to proceed with the trial to reset the cause for another date under Rule 185 T.R.C.P.

Since the Trial Court did not take such action we see no occasion to comment further thereon.

 Finally, the burden of showing that the action in denying the right of appellant to amend was arbitrary or that it resulted in substantial and consequential injury, is clearly upon the complaining party. See 3-B Tex.Jur. p. 413. (Appeal and Error §§ 925 and 926). It is our view that appellant wholly failed to carry this burden. Needless to say appellant suffered no injury because the Court granted the stay of execution. See Fairbanks, Morse & Co. v. Carsey, Tex.Civ.App., 109 S.W.2d 985 (NR E); Harris v. Harris, Tex.Civ.App., 174 S.W.2d 996 (NWH).

Accordingly the judgment of the Trial Court is affirmed.