**Hazel BEASLEY, Appellant,**

v.

**Ross A. BAKER, Appellee.**

**No. 6910.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 8, 1960.

Rehearing Denied March 7, 1960.

Ray & Baughman, Amarillo; Jerry R. Hollingsworth, Amarillo, of counsel, for appellant.

Folley, Snodgrass & Calhoun, Amarillo; V. G. Kolius, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit for property damages arising out of an automobile collision which occurred at an intersection in the City of Amarillo. The case was tried before a jury and upon the jury findings the trial court entered a judgment for the appellee. The appellant duly perfected this appeal and brings forward seven points of error.

In the first two points appellant complains of the trial court's refusal to allow appellant to file amended pleadings after both sides had closed their testimony, and she further complains of the trial court's refusal to submit the appellant's requested special issues which were related to the amended pleadings sought to be filed. The requested amended pleadings and special issues dealt with the appellant's allegation of appellee "following too close." Although Rule 66 of Vernon's Ann.Tex. Rules of Civil Procedure provides that trial amendments shall be freely made, the trial court is not without discretion in granting or denying trial amendments. Here the record reveals that testimony had been concluded and the attorneys were in the process of working with the trial court in preparing the charge to the jury when appellant made her request for the trial amendment and requested special issues. The record shows nothing more than the request and refusal. The trial court gave three sets of special issues relative to the conduct of the appellee in driving his automobile immediately prior to the collision in question. We are of the opinion the record fails to show an abuse of discretion by the trial court in refusing to allow the filing of a trial amendment and the requested special issues. Lone Star Steel

Company v. Owens, Tex.Civ.App., 302 S. W.2d 213 and Shepard v. Outley, Tex.Civ. App., 256 S.W.2d 652.

Appellant next complains of the submission of Special Issue No. 1 of the court's charge pertaining to proper lookout on the part of appellant. The record reflects the issue was worded in the usual manner that has been approved many times by our appellate courts and the trial court here used the same language that was used in Special Issue No. 5 in reference to the manner of the lookout by the appellee. Appellant made no objection to Special Issue No. 5. Appellant further asserts Special Issue No. 1 should not have been submitted for the reason the appellant was not required to keep a lookout to the rear. The appellee testified he was approximately 75 feet behind appellant when he discovered she was slowing down and beginning to make a left turn. The jury found he did not fail to apply his brakes, and did not fail to keep a proper lookout. From all the evidence and circumstances in this case we are of the opinion the appellant was required to keep a lookout to the rear where she was moving and making a turn from one lane to another as she approached the intersection. We are of the opinion that Article 6701d, Section 68(a), Vernon's Ann.Civ.St. requires such a precaution on the part of the appellant under the circumstances here. We therefore overrule appellant's third point of error.

On January 29, 1959, the judgment was entered in the trial court below and the appellant filed her motion for new trial on February 6, 1959. It is appellant's contention that the trial court erred when it refused to grant a hearing on her motion for new trial. The record before us certified that the term of the trial court terminated on January 31, 1959, two days after the entry of the judgment. Appellant's motion was not filed in term time as required by Rule 329a of V.A.T.R. as amended. Thus, under the clear language of this rule the trial court was without authority

to hear the motion as filed. By the terms of Rule 329a the appellant was not required to file a motion for new trial as a prerequisite to an appeal as the judgment was rendered within 5 full days before the term of the court terminated by law. It therefore follows that appellant could not be harmed by having no hearing on the motion for new trial. We find no merit in appellant's point of error.

 Attached to appellant's motion for new trial are affidavits of three jurors who heard the case. All three affidavits deal principally with the fact that the jury did not consider a written statement of appellee which was not offered into evidence. The appellant was cross examined concerning the statement, but the statement itself was never offered or introduced in evidence. We think the affidavits themselves show no jury misconduct. In order to justify the granting of a new trial on the grounds of jury misconduct probable injury must have resulted to the complaining party. Texas Employers' Insurance Association v. McCaslin, Tex., 317 S.W. 2d 916 and Lantex Construction Company v. Lejsal, Tex.Civ.App., 315 S.W.2d 177. After examining the record and the affidavits themselves we find no such probable injury to the appellant in this case.

In appellant's 6th and 7th points of error she contends that the jury verdict was against the great weight and preponderance of the evidence and the verdict was not supported by the evidence. Although these two points of error were not raised in the motion for new trial, we deem it necessary to consider them in light of our holding that the motion was not a prerequisite to an appeal here because the case was tried in the County Court at Law under Rule 329a as amended. In the trial of the case the appellant and appellee were the only two witnesses to the circumstances surrounding the collision. In many instances their testimony was in conflict. It requires no citation of authority for the well settled rule of law that the jury

is the judge of the credibility of the witnesses. They accepted the appellee's version of the collision. After reviewing the record we can only conclude that the jury verdict was not against the great weight and preponderance of the evidence and that the verdict was supported by the evidence.

Judgment of the trial court is affirmed.