**Cora Reed WALKER, Appellant,**

v.

**J. S. HUBERT, Appellee.**

No. 10769.

Court of Civil Appeals of Texas.

Austin.

June 22, 1960.

Charles C. Smith, Jr., Cameron, for appellant.

Camp & Camp, Cameron, for appellee.

GRAY, Justice.

This is a trespass to try title suit filed by appellee, J. S. Hubert, against appellant, Cora Reed Walker, to recover title and possession of 10.6 acres of land in Milam County. Both parties claim under a deed from Lee Reed.

The suit was filed July 2, 1959 and on July 20, 1959 appellant answered by a plea of not guilty. Thereafter on October 5, 1959 the case was set for trial and on November 5, 1959 it was called for trial before the court without a jury. Before proceeding to trial appellant asked leave to file her first amended original answer wherein she plead the three years statute of limitation as a defense to appellee's suit

and further alleged that she had in good faith made permanent improvements on the premises. She prayed that appellee take nothing by his suit and in the alternative that in the event appellee recovered judgment for the land that she recover judgment for the amount of her improvements. Appellee objected to the filing of the pleading and leave to file it was denied. Appellant duly excepted.

A nonjury trial was had and appellant testified that she claimed the land under a deed from her deceased husband, Lee Reed, conveying the same to her. This deed was duly recorded and it was received in evidence. Appellant testified that she paid the taxes on the property for the years 1954 to 1959 both inclusive and the tax receipts were received in evidence. She further testified that she had lived on the property but that at the present time it was rented and that she had some furniture in the house; that she insured the house and that she had put a new roof on it at a cost of $116 and also had put a window in.

At the conclusion of the evidence appellant asked leave to file her first trial amendment which contained the above pleas of limitation and improvements made in good faith. Appellee objected and leave to file the amendment was denied. Appellant excepted.

The trial court rendered judgment awarding appellee title and possession of the above property.

Appellant's one point here is to the effect that the trial court erred in refusing to permit her to file the trial amendment.

Rule 66, Texas Rules of Civil Procedure, provides for the filing of trial amendments. We quote the rule in full:

"Trial Amendment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

The provisions of the rule must be interpreted in order to apply it to the facts before us.

It has been said that permitting the filing of trial amendments is a matter largely within the trial court's discretion. Burroughs v. Bunch, Tex.Civ.App., 210 S.W. 2d 211. Er. ref.; that in the absence of an abuse of discretion the trial court's order will not be disturbed. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605; that the discretion of the trial court "is to be exercised liberally in favor of amendments in the interest of justice." Butcher v. Tinkle, Tex.Civ.App., 183 S.W.2d 227, 229. Er. ref. w. m. In Shaw v. Tyler Bank & Trust Co., Tex.Civ.App., 285 S.W.2d 782, 790, Er. ref. n. r. e., the court said:

"If issues are tried by implied consent, the filing of trial amendments should be freely permitted, and special issues submitted. Rule 66, V.A.T.R.C. P., and authorities collated under Note 4; Rule 67, V.A.T.R.C.P., and authorities collated under Note 6. Where there is no specific pleading, but testimony is given without objection, the issue is triable under Rules of Civil Procedure on ground of implied consent. Daughterty Grain Co. v. S. T. Oates Grain Co., Tex.Civ.App., 191 S.W.2d 804, no writ history.

"It is an abuse of discretion for the trial court to refuse the filing of a trial amendment, even if the testimony sought to be offered is objected to, where the matters sought to be pleaded and approved are essential to the administration of justice, even though for either it necessitates a continuance. Robbins v. Jordan, 86 U.S.App.D.C. 304, 181 F.2d 793, and authorities cited therein."

■ The issues of limitation and improvements made in good faith were tried by implied consent. The evidence on those issues was heard without pleadings and the omission in the pleadings was called to the attention of the trial court.

There are at least two relevant facts present in the case before us which are to be considered in determining the question here presented. These are: the trial was before the court, and the evidence on appellant's plea of limitation and her plea of improvements made in good faith was heard.

In his brief appellee referring to the offered amendment, says:

"* * * that the Appellee objected to both Appellant's First Amended Original Answer and to Appellant's trial amendment upon the grounds that such pleas were not timely filed, that they would cause surprise to the Appellee, would materially injure his presentation of the case, and that he had not had opportunity to properly prepare for trial on the amended pleadings."

Appellee did claim surprise and if the trial amendment had been filed then, under the rule, he would have been entitled to a postponement. See: Texas City Terminal Ry. Co. v. McLemore, Tex.Civ.App., 225 S.W.2d 1007, Er. ref. n. r. e. However leave to file the amendment was denied and the question of postponement or continuance is not presented.

We think the holding in Vermillion v. Haynes supra supports our view that the amendment should have been permitted. The application of that holding to the facts here is explained in Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422, 424. There the court said:

"We do not regard Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, as controlling here. In that case trial was before the court without a jury. It involved a claim for rents. After the close of the testimony and before judgment the defendant tendered a trial amendment setting up for the first time the defense of limitations. This court held that the trial judge abused his discretion in refusing to allow the amendment. These distinguishing features may be noted: There the amendment sought only to assert a defense in law to facts already established, while here the effort was to change the factual basis of the suit; there the trial was before the court, the new defense offered requiring only a judicial decision of a new law question not theretofore in the suit, while here trial was to a jury, the new matter being entirely factual and requiring an entire reshaping of the defense on the new facts."

In the case before us the trial was before the court, the amendment sought to assert defenses in law to facts already heard which defenses required only that the court make a judicial decision of law questions not theretofore before the court.

It is our opinion that the trial amendment should have been permitted and that the trial court erred in not doing so.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.