**ALAMO AMBULANCE SERVICE, INC.,**
Appellant,

v.

**Philip J. MOULTON et al., Appellees.**

No. 14440.

Court of Civil Appeals of Texas.

San Antonio.

March 9, 1966.

Rehearing Denied April 20, 1966.

Lang, Byrd, Cross, Ladon & Oppenheimer, Paul M. Green, San Antonio, for appellant.

Lieck & Lieck, Jack Paul Leon, Geo. H. Goodwin, Arch B. Haston, San Antonio, for appellees.

BARROW, Justice.

This damage suit involves a three-car intersectional accident with two separate collisions. Appellee Moulton brought this suit against appellant, Alamo Ambulance Service, Inc., and appellee Louie Cardenas, seeking joint and several judgment for damages resulting from personal injuries. The jury found both defendants committed acts of negligence proximately causing the injuries sustained by Moulton. The trial court granted Cardenas' motion for judgment non obstante veredicto and entered judgment whereby Moulton recovered only against Alamo.

On this appeal, Alamo complains of the granting of Cardenas' motion and urges that the judgment should be reformed to grant Alamo contribution under the verdict of the jury. It also urges the trial court abused its discretion in refusing Alamo leave to file a trial amendment and to give a requested instruction relative to Moulton's claim for damages, and that the jury verdict on Moulton's damages is grossly excessive. It asserts jury misconduct as well as coercion of the jury by the trial court. Cardenas does not assert any cross-assignments of error.

On September 16, 1963, at about 4:30 p. m., this accident occurred at the intersection of East Commerce and Cherry Streets in the City of San Antonio. At the time of the accident, Alamo's station wagon, operated by its employee, Dickie Wolfe, was proceeding west on Commerce Street; Cardenas' Buick was proceeding north on Cherry Street, and Moulton's van was headed south on Cherry Street, but was stopped just north of the intersection. Alamo's station wagon and Cardenas' Buick collided near the center of the intersection. Following this collision, Cardenas' Buick continued north for another thirty-two feet and collided with Moulton's van.

This intersection was controlled by a traffic light and the primary controverted issue between Cardenas and Alamo was

over who had the green light. The jury found that Alamo's driver ran the red light at an unlawful and excessive rate of speed, failed to keep a proper lookout, and failed to timely apply the brakes. Each of these acts was found to be a proximate cause but not the sole cause of the collision in question. The jury further found that Cardenas accelerated his automobile immediately prior to the collision with Moulton's van and that this act was negligence and a proximate cause of the collision in question. Cardenas failed to apply his brakes immediately prior to the collision, but this failure was found not to be negligence. Other issues inquiring of Cardenas' conduct were answered favorably to him.

A trial court is authorized to render judgment non obstante veredicto only when there is no evidence warranting a submission of the issue to the jury. Rule 301, Texas Rules of Civil Procedure; Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950). In considering whether there was any evidence to support the jury's answers, we must consider only that evidence and the reasonable inferences to be drawn therefrom, that are favorable to the answers of the jury. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955). If there is evidence of probative value that will support the findings of negligence and proximate cause against Cardenas, the trial court was in error in granting his motion and in not entering judgment jointly and severally against Cardenas and Alamo.

There is considerable evidence that Cardenas accelerated his vehicle after the initial collision with Alamo's station wagon— Moulton heard a motor roar; Cardenas' vehicle proceeded thirty-two feet after the first collision and knocked Moulton's van back some fifteen feet, although he started from a stopped position; and, in fact, Cardenas drew a similar conclusion in his testimony: "I figured that when I got hit, I grabbed my wheel and my foot went down

on the gas naturally, it really took off then. * * * I figure that's just what happened, I grabbed the wheel, foot went down, lost control and hit him."

A much closer question is raised as to whether this act was negligence under the circumstances. It has been held that where a driver *has lost control* of his vehicle in a collision brought about through no fault of his own, he is not responsible for a second collision caused by this lack of control. Dallas Transit Co. v. Tolbert, Tex.Civ.App., 337 S.W.2d 617, wr. ref. n. r. e.; Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448, no wr. hist.; Renner v. National Biscuit Co., Tex.Civ.App., 173 S.W.2d 332, wr. ref. w. o. m. It is seen, however, that in each of these cases, the evidence was undisputed that the automobile was out of control from a first collision at the time of the second collision.

In *Tolbert* it was said: "The evidence conclusively establishes the fact that when the truck jack-knifed * * * it skidded entirely out of control * * *." In *Rhodes* the Court found: "During this brief period of time, Enis did not have an opportunity to regain control, stop his truck or change its course to avoid striking the Rhodes car." In *Renner* the Court said: "It is a matter of common knowledge, too plain for dispute, that a driver knocked out of his seat, knocked loose from the steering wheel and brakes, with his truck completely on the wrong side of the highway out of control, could not possibly regain effective control of the vehicle * * *."

The evidence here does not conclusively show that Cardenas lost control of his vehicle in the first collision. He was not knocked loose from the wheel; he was not injured or dazed by this collision. The only evidence of lack of control is his testimony that after he stepped on the gas pedal the vehicle "really took off" and that's when he lost control. The jury could infer from the physical facts that he could have avoid-

ed striking Moulton's car if he had exercised the care of an ordinarily prudent person. There was no submission of whether Cardenas was acting in an emergency at this time.

■ It is our opinion that there is evidence more than a scintilla to support the jury findings that Cardenas' act in accelerating his vehicle after the first collision was negligence and a proximate cause of the collision with Moulton's van. Bardwell v. Anderson, Tex.Civ.App., 325 S.W.2d 929, wr. ref. n. r. e. The trial court erred in granting the motion for judgment non obstante veredicto and entering a take-nothing judgment as to Cardenas

After the evidence had been closed, but before the charge of the court was filed or submitted to the jury, appellant tendered a trial amendment to the effect that Moulton had failed to mitigate his damages, and in fact contributed to cause an injury of greater severity by failing to exercise the care of an ordinarily prudent person in following competent medical advice in the treatment of his injuries. Appellant timely requested special issues inquiring as to whether Moulton failed to exercise such care, and if not, was this failure a proximate cause of his damages. Appellant also requested an instruction on the damage issue to the effect that Moulton could not recover for any damages which could have been so avoided. Moulton objected to the filing of this trial amendment and leave was denied. The trial court also refused to give the requested issues or instruction.

Moulton's principal injuries in the accident were a badly bruised hand and right kneecap. The hand healed in about two weeks, however, the knee was still giving him trouble at the time of the trial in March, 1965. Dr. Berry, who was Moulton's family doctor, testified that he saw Moulton for these injuries on August 17, 24 and 31, 1963. He was afraid of pre-patella bursitis because of the knee injury. He prescribed heat, rest and elevation, and by August 31, Dr. Berry said that the in-

jury appeared about healed. Moulton was instructed by Dr. Berry to be careful with his knee. Dr. Berry saw Moulton next in February, 1964, and Moulton was still complaining of the knee. Dr. Berry diagnosed Moulton's condition as pre-patella bursitis. This is a rather common ailment known as "housemaid's knee" and one that Dr. Berry expected to be able to contol through heat, rest and elevation. Dr. Berry testified that proper treatment required a patient to be off his knee for a considerable period of time, in that any recurrent trauma causes swelling and irritation of the bursa lining. He testified that when he saw Moulton in January, 1965, he was still having difficulty because of repeated trauma to the knee. Dr. Berry expressed the opinion that if Moulton would take care of the knee, he would have no trouble with it.

Moulton worked for a vending machine company at the time of the accident and a necessary part of his duties required him to get down on his knees and clean under the machines. Contrary to Dr. Berry's impression, Moulton did not lay off from work at all following the accident, but attempted to carry out his regular duties. This resulted not only in the recurrent trauma to his knee, but in unsatisfactory performance of his duties and subsequent dismissal.

■ It is a well-settled rule of law that one injured by the wrong of another is obliged to exercise reasonable care to minimize his damages, under pain of not being allowed to recover against the wrongdoer for elements or consequences of the injury which could have been obviated by the exercise of such care. City of Ft. Worth v. Satterwhite, Tex.Civ.App., 329 S.W.2d 899, no wr. hist.; Maywald v. Perry, 254 S.W. 2d 431, wr. ref. n. r. e.; Houston, E. & W. T. R. Co. v. Jones, Tex.Civ.App., 1 S.W.2d 743, wr. ref.; 17 Tex.Jur.2d, Damages, § 45; 48 A.L.R.2d 346.

A favorable judgment for plaintiff in City of Ft. Worth v. Satterwhite, supra, was reversed and the cause remanded be-

cause of the refusal of the court to submit a damage instruction substantially the same as that requested here by Alamo. It was there held that a mere recital of the elements which a jury may take into consideration in estimating damages is not sufficiently specific to amount to an instruction to the jury not to consider improper elements raised by the evidence and closely intermingled with proper elements. Where the circumstances disclosed are such as to give rise to a contention that the plaintiff ought to have prevented in whole or in part the loss or injury for which he seeks recovery, the jury should be instructed as to his duty to have prevented or diminished damages.

· It is seen, however, that such an instruction is in the nature of an affirmative defense and it is necessary for the defendant to both plead and request such explanatory instructions in substantially correct form. See City of Ft. Worth v. Satterwhite, supra; Maywald v. Perry, supra; Houston, E. & W. T. R. Co. v. Jones, supra.

Appellant did not plead this defense in its pleadings, but sought to raise same by trial amendment tendered after the close of the evidence. This occurred after Dr. Berry's testimony and while the charge was being prepared. Moulton objected to the filing of this trial amendment and stated that he would have to "withdraw his announcement of ready as he is totally surprised and that the allowance of such trial amendment would clearly prejudice the plaintiff and the plaintiff would have to plead to the allegations of the second trial amendment and be given time to work up his case to conform to the pleadings contained in the second trial amendment and the plaintiff's answer to said second trial amendment, and that the plaintiff would be clearly prejudiced thereby; * * *."

Rule 67, T.R.C.P. provides in effect that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in pleadings and such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of the court at any time up to the submission of the case to the jury. Rule 66, T.R.C.P., provides in part that the court may allow the pleadings to be amended during the trial and shall do so freely when the presentation of the merits of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his defense upon the merits. The source of these rules is Federal Rule 15(b), 28 U.S.C. A., with minor changes.

 While it is true that the application of these rules is within the sound discretion of the trial judge, nevertheless, the interpretation followed by both the Federal and Texas appellate courts is that such discretion is to be exercised liberally in favor of justice. Robbins v. Jordan, 86 U.S.App. D.C. 304, 181 F.2d 793; Kensinger v. McDavid, Tex.Civ.App., 380 S.W.2d 54, no wr. hist.; Galaviz v. Langdeau, Tex.Civ.App., 352 S.W.2d 352, no wr. hist.; City of Houston v. Hagman, Tex.Civ.App., 347 S.W.2d 355, wr. ref., n. r. e.; Walker v. Hubert, Tex.Civ.App., 337 S.W.2d 390, 391, no wr. hist.; Shaw v. Tyler Bank & Trust Co., Tex.Civ.App., 285 S.W.2d 782, wr. ref., n. r. e.; 2 McDonald Texas Civil Practice, § 8.07.

In Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948), the Supreme Court held that the trial court abused its discretion in refusing to permit a trial amendment pleading limitations, where the facts relative to same were already in evidence. The Court said: "The rule directs that the court shall 'freely' allow an amendment if to do so will subserve the 'presentation of the merits of the action' and the other party fails to satisfy the court that the amendment will prejudice him in maintaining his action or defense on the merits."

■ Obviously, the question of whether such discretion has been abused. is one that must be determined from an examination of the transcript and statement of facts in the case and not by whether or not a plea of surprise is asserted. In McDonald, Texas Civil Practice, p. 737, the test is well stated: "The court is not required to deny the amendment, however, even though it is evident that the trial amendment would inject new issues which might surprise. Rather, the court has two options: to deny the amendment when it is obvious that the party has failed to prepare his case diligently or has delayed his amendment in an apparent effort to entrap his opponent; or to grant the amendment when tendered in good faith, allow the opponent to withdraw his announcement of ready for trial and order either a temporary delay or a continuance to permit the parties to prepare again for trial."

Here Dr. Berry, who was Moulton's family doctor and who was called as a witness in his behalf, was examined fully and without objection on both direct and cross-examination as to the necessity for Moulton to stay off the knee and he demonstrated the harmful effects of recurrent trauma. Following Dr. Berry's testimony, Moulton was recalled as a witness and gave his reasons for working, and told how he tried to protect his knee at all times. Under this testimony, a fact issue was raised as to whether Moulton had acted as an ordinarily prudent person in continuing his work and not carrying out Dr. Berry's instructions. In view of this full development of the evidence, it cannot be said that the appellant was attempting by its trial amendment to inject a new issue in the case after the evidence was closed. There is nothing in the record as to how this proposed trial amendment surprised Moulton or how long it would have delayed the trial.

A distinction must be drawn between the "implied consent" referred to in Rule 67 by the introduction of evidence without objection, which is not supported by pleadings, and the "waiver of pleadings" by failure to object as required by Rules 277 and 279, T.R.C.P., to the submission of special issues which are not supported by pleadings. Rule 67, T.R.C.P., expressly provides that written pleadings shall be necessary to the submission of issues, but authorizes the filing of a trial amendment at any time prior to submission of the charge where issues are tried by express or implied consent. Cases which illustrate the question of waiver of pleadings under Rules 277 and 279 are Matthews v. General Accident Fire & Life Assur. Corp., 161 Tex. 622, 343 S.W. 2d 251 (Tex.1961), and Texas Employers Ins. Ass'n v. Cummings, Tex.Civ.App., 364 S.W.2d 255, wr. ref., n. r. e. The distinction is clearly pointed up in *Matthews* wherein it is said: "In our cause no trial amendment was proposed or filed by defendant pleading the defense which he sought to have submitted by his Requested Special Issue No. 3."

■ Here the question as to the extent of damages sustained by Moulton as a proximate result of the accident was directly in issue. In developing this issue, evidence was admitted without objection and fully developed from the testimony of Moulton's doctor and later from his own testimony, as to whether or not a substantial part of his incapacity was the result of his failure to carry out the instructions of his doctor. There is no contention that appellant's failure to plead this issue of mitigation prior to the beginning of the trial was caused by any lack of diligence on its part or in an attempt to entrap Moulton.

It is our opinion from an examination of this record that the trial court abused its discretion in refusing to permit the filing of this trial amendment so as to conform the pleadings to the evidence previously introduced without objection. The interests of justice required that the jury be charged as to the elements of damage to be considered by them in order to subserve the presentation of the merits of this suit.

It is further our opinion that this error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment and requires a remand of this case. Rule 434, T.R.C.P. The damage issue was the crucial issue insofar as Moulton was concerned. Under the undisputed evidence he was stopped just outside the intersection when his van was struck. His only apparent injuries were bruises and abrasions. The jury could have believed from Dr. Berry's testimony, that these injuries would have healed without any permanent damage after a few weeks, if Moulton had stayed off the knee. Yet, because of the recurrent trauma to this right knee, he was still complaining of same nearly twenty months after the accident. The jury verdict of $10,000 under this record fully demonstrates the harm to appellant.

The other errors asserted by appellant are not likely to occur upon a retrial of the case and therefore are not considered by us.

The judgment of the trial court is reversed and the cause remanded. The costs of this appeal are taxed one-half to the appellee Moulton and one-half to appellee Cardenas.

MURRAY, Chief Justice.

I dissent from the opinion of the majority. The majority have held that the trial court abused its discretion in sustaining appellee's objection to appellant's proffered trial amendment presented to the court for the first time after the close of the evidence and while the charge of the court was being prepared. The effect of the trial amendment was to raise a new defense to the damages alleged by appellee. The objection made to the filing of the trial amendment by appellee was that he would have to withdraw his announcement of ready in order to have time to prepare his case against this new defense, as he was taken completely by surprise by the offer-

ing of the trial amendment. The trial court sustained this objection and refused to permit the filing of the trial amendment, reading as follows:

"I. That Plaintiff Philip J. Moulton has wholly failed to take the necessary action to mitigate his damages in this cause and has, in fact, contributed to cause an injury of greater severity to himself than that which he received in the accident in question by failing to exercise the care of an ordinary prudent person in following competent medical advice to prevent the further aggravation of, or in the alternative, the complete healing of such injury. That such failure to exercise such care as an ordinary prudent person would have exercised was a proximate cause or contributing cause of the disability, if any, plaintiff may or might have received as a result of the injury in question.

"II. In the alternative, Plaintiff Philip J. Moulton, by the exercise of ordinary care and the expenditure of a small sum of money, could have avoided or eliminated any recurrence of the condition existing in his right knee after August 31, 1963."

The majority have held that the trial court abused its discretion in refusing leave to file this trial amendment, citing the case of Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605. I do not consider that case as being in point. There the trial was before the court without the intervention of a jury, and there was no pleading of surprise by the opposing party. We quote from the opinion:

"* * * Here the respondents' objections were that the petitioner had neglected for more than a year to file the amendment, that it was tendered after the evidence was closed and without previous notice, and that it was without merit or support in the evidence and would prevent equity being done. It will be observed that these objections carried *neither suggestion nor hint that the respondents were*

*in any manner surprised or unprepared to meet the issues raised by the amendment; nor did they suggest that, in this trial without a jury, the amendment would otherwise prejudice them in maintaining their action on its merits.*" (Emphasis mine.)

In the case at bar Dr. Berry's testimony was admissible under the pleadings as they were, and it could not have been excluded even if objected to, so it cannot be said that this new defense was tried by the expressed or implied consent of all parties.

In Texas Employers Ins. Ass'n v. Cummings, Tex.Civ.App., 364 S.W.2d 255, the Court said:

"We think we should add that issues are not tried by consent merely by the hearing of testimony thereon, but that submission to the jury has been held to be a part of the process, and the mere facts that testimony may have been developed on issues not necessary to be submitted to the jury under the pleading does not mean that the party has consented to the trial of such issues."

In Matthews v. General Accident Fire & Life Assur. Corp., 161 Tex. 622, 343 S.W. 2d 251, the Supreme Court, speaking through Justice Griffin, said:

"The Court of Civil Appeals held that the defense of defendant embodied in its Requested Special Issue No. 3 had been raised by the testimony of plaintiff and the doctors who testified, which testimony was admitted without any objection being raised by the plaintiff. Therefore, the Court of Civil Appeals reasoned such defense had been tried by consent of the parties, and it was error for the trial court to refuse to submit the Requested Special Issue No. 3. We hold the issue was not tried by consent of the parties, and the trial court was justified in refusing to give it because there was no pleading to support it."

In Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, the Court said:

"The refusal to permit filing of the trial amendment presents error only in the event the court abused its discretion in this respect, and we are not prepared to say that any such abuse is shown. Appellant argues that the issues were tried by implied consent of the parties, but we cannot agree that this is so. Except for the testimony of Williams himself, there was no evidence to show the rate of speed at which he was driving at the time in question, and his testimony in this respect was elicited while he was being cross-examined by defense counsel. Plaintiffs made no objection to his testimony, it is true, but no valid objection they could have made has been suggested and none occurs to us. When defendant requested leave to file the trial amendment and that the issues under consideration be submitted to the jury, plaintiffs promptly objected, and this was the first occasion they had had to declare themselves. We find nothing in their conduct, therefore, from which to imply their consent to a trial of the issues. See Salley v. Black, Sivalls & Bryson, Tex.Civ.App., 225 S.W. 2d 426; Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919; Cadwell v. Dabney, Tex.Civ.App., 208 S. W.2d 127. The motion shows on its face to have been filed and presented after the evidence had been finally closed, and no reason for defendant's failure to file it earlier is disclosed by the record. Furthermore, for all that the record discloses, plaintiffs may have demonstrated to the satisfaction of the trial court that allowance of the amendment would prejudice them in maintaining their action. We are convinced, therefore, that point seven presents no error and it is overruled. See Shepard v. Outley, Tex.Civ.App., 256 S.W.2d 652; Ragsdale v. Lindsey, Tex. Civ.App., 254 S.W.2d 843, 848; Rule 66, T.R.C.P."

The burden of proof is upon the party contending that the trial court abused its discretion in refusing leave to file a trial amendment, and especially is this true where

such trial amendment is tendered for the first time after both sides have rested and the charge to the jury is being prepared.

Here the burden of proof is not upon Moulton to show that he was in fact surprised; but upon appellant to establish that Moulton was not surprised. Westinghouse Elec. Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422; Consolidated Copperstate Lines, Inc. v. Standard Asbestos Mfg. & Insulating Co., Tex.Civ.App., 378 S.W.2d 704, wr. ref. n. r. e.; Weaver v. Bogle, 325 S.W.2d 457; Davis v. National Acceptance Co., Tex.Civ.App., 233 S.W.2d 321, wr. ref. n. r. e.

I cannot agree that this record shows that the trial court abused its discretion in refusing appellant leave to file a trial amendment after the evidence was closed, at a time that surprised appellee, and would compel him to ask that he be permitted to withdraw his announcement of ready

I respectfully dissent.