McCAGHREN v. BALCH.

(Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1912. Rehearing Denied Jan. 4, 1913.)

1. APPEAL AND ERROR (§ 1140*)—DETERMINATION—REVERSIBLE ERROR.

That the judgment in an action on notes adjudged too high a rate of interest is not reversible error, where the excess is remitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4478; Dec. Dig. § 1140.*]

2. PAYMENT (§ 22*)—CHECK—SELLER'S LIEN.

Where the seller executed a bill of sale to the buyer, accepting checks as part of the purchase price, and notes secured by a mortgage for the remainder, he has no lien upon the property for the amount of the checks, though they proved worthless.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 87, 88; Dec. Dig. § 22.*]

3. APPEAL AND ERROR (§ 1153*)—DETERMINATION—REFORMATION OF JUDGMENT.

Under Rev. St. 1895, art. 1024, providing that there shall be no reversal on writ of error if the record enables the court to decide the cause upon its merits, a judgment which improperly gave plaintiff the seller's lien for the full amount of the purchase price of the property, where it appeared he was entitled to a lien for only that portion of the purchase price secured by a mortgage, will be reformed without reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

4. COSTS (§ 234*).

Where a writ of error results in the reformation of a judgment correcting errors by the trial court, costs will be allowed the plaintiff in error, although the judgment was in the main affirmed.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 892–899; Dec. Dig. § 234.*]

Error to District Court, Scurry County; Jno. B. Thomas, Judge.

Action by S. E. Balch against J. N. McCaghren. There was a judgment for plaintiff, and defendant brought error. Modified and affirmed.

J. R. Stubblefield, of Eastland, and L. W. Sandusky, of Colorado, Tex., for plaintiff in error. Higgins, Hamilton & Taylor and W. S. Payne, all of Snyder, for defendant in error.

PRESLER, J. This suit was brought by defendant in error, Balch (hereinafter styled defendant), against plaintiff in error (hereinafter styled plaintiff) to recover the sum of $4,000, claimed to be due defendant, Balch, on account of a sale by plaintiff of the Hermleigh Telephone Exchange and Dunn switchboard, located in Scurry county, Tex., alleging, in substance, that on January 3, 1912, plaintiff entered into a contract, partly in writing and partly verbal, for the purchase from defendant of said exchange and all its accoutrements for the said sum of $4,000, $2,950 of which was to be paid in cash and for which sum plaintiff McCaghren gave his certain checks, one in the sum of $1,450 and one in the sum of $1,500 (reserving by agreement $50 to pay taxes due from defendant, Balch), making in all a cash consideration of $3,000, and, further, plaintiff executed his two promissory notes for the sum of $500 each, due, respectively, January 3, 1913, and 1914, bearing interest at the rate of 8 per cent. per annum, and secured by a chattel mortgage upon the exchange in controversy, including all its lines, supplies, etc., and providing in said mortgage that on default of the payment of any one of said notes or any interest due thereon, or any sale or attempt to sell said property or remove the same or any part thereof from the county or upon any seizure of the same or any part thereof by any process of law, or if any holder of said notes shall at any time feel unsafe or insecure from any cause, then in any of the foregoing events said mortgagee or assignee, his agent or representative, was authorized at his option to declare all of said notes due and to take actual possession of said property, and sell the same at public auction for cash at the courthouse door of Snyder, Scurry county, Tex.; that defendant, Balch, upon the same date, duly executed and delivered to plaintiff, McCaghren, a bill of sale to the property referred to, warranting the title of said property to said plaintiff, and delivered the possession of said property to him; that said bill of sale was received by plaintiff in error and by him placed of record in the Bill of Sale Records of Scurry county, Tex., and that he thereby acquired title to the said telephone exchange, and employed defendant, Balch, to look after it for him; that the said defendant presented plaintiff's checks for payment, and that payment was refused on each of them, in the total sum of $2,950; that the taxes were not paid in the sum of $50, as agreed by plaintiff; that at the time plaintiff executed the checks, mortgage, and notes referred to defendant was by means of their said execution on the part of plaintiff and by reason of the representations made by the plaintiff on which defendant relied deceived, and was thereby fraudulently induced to execute the bill of sale referred to and deliver possession of said property to plaintiff. Defendant prayed for the recovery of his debt, foreclosure of his

mortgage, and for general and special relief. Plaintiff (defendant below) pleaded his privilege to be sued in the county of his residence, general and special demurrers, and general denial, and specially that the two notes, each for the sum of $500, were placed in escrow in the First State Bank of Hermleigh, to be held by said bank until defendant (plaintiff below) paid off and discharged all of the indebtedness which existed against the telephone property purchased, and that said defendant failed and refused to pay said indebtedness, and that, therefore, the contract was not consummated, and further specially pleaded that plaintiff was never placed in possession of said property. Defendant, in reply to plaintiff's said defensive pleadings, by supplemental petition, pleaded that the notes in the sum of $500 each, as sued on by defendant, were executed and delivered by plaintiff to the First State Bank of Hermleigh, and that said First State Bank of Hermleigh, Tex., was given full power and authority to deliver the same to defendant; that the notes were left by plaintiff and defendant with said bank only for the purpose of protecting plaintiff from any outstanding indebtedness which might be or was a lien against any of the property conveyed, and that it was stipulated and agreed by and between the parties at the time that the defendant (in error), S. E. Balch, should pay any outstanding indebtedness against said telephone exchange and any other indebtedness he may owe with the money paid him by plaintiff in error by the checks described in defendant in error's amended petition, and that defendant deposited said checks in the said First State Bank of Hermleigh, Tex., and drew other checks against that account in payment of the indebtedness referred to as per the agreement between plaintiff and defendant; that defendant in error delivered to the plaintiff in error an absolute conveyance of the property described, and that plaintiff in error was placed in a position relative to said property which was contemplated in the agreement as set out in defendant in error's pleadings, and that the contract referred to thereby became an executed and completed contract. The cause proceeded to trial below before the court without the assistance of a jury and judgment was rendered in favor of defendant in error in the sum of $4,000 for foreclosure of the mortgage lien retained to secure the two $500 notes and for order of sale, from which judgment plaintiff in error duly appeals to this court, and here seeks revision of said cause upon various errors assigned.

No statement of facts has reached this court, but we find in the record that on the application of plaintiff in error the trial court filed the following findings of fact and conclusions of law:

"First. That on the 3d day of January, A. D. 1912, the plaintiff, S. E. Balch, made and executed to the defendant, J. N. McCaghren, in due form of law, duly acknowledged before a notary public, under seal, and delivered the same to the defendant, J. N. McCaghren, a bill of sale, which was received and accepted by the defendant, J. N. McCaghren, and filed by him for record on the 5th day of January, 1912, with the clerk of the county court of Scurry county, Tex., and which was duly recorded in volume 2, pp. 241, 242, on the Bill of Sale Records of said county, as follows, to wit: 'The State of Texas, County of Scurry: Know all men by these presents that I, S. E. Balch, of Scurry county, state of Texas, for and in consideration of the sum of four thousand ($4,000.00) and no/100 dollars, to me in hand paid and secured to be paid by J. N. McCaghren, as follows: Three thousand ($3,000.00) dollars cash, to me in hand paid, the payment of which is hereby acknowledged, and the balance evidenced by two promissory notes, for the sum of $500.00 each, dated Jan. 3rd, 1912, and due and payable to the order of S. E. Balch, on the 3rd day of January, 1913, and 1914, respectively, said notes secured by chattel mortgage on the hereinafter described property, and signed J. N. McCaghren, have bargained, sold and conveyed and by these presents do hereby bargain, sell and deliver to the said J. N. McCaghren of the county of Mitchell, state of Texas, to wit: The Hermleigh Telephone Exchange, situated at Hermleigh, Texas, together with the switchboard at Dunn, Texas, together with all connecting lines now belonging to the said Hermleigh Telephone Exchange and Dunn Telephone, and all supplies and stock and idle boxes now on hand at my office. Also wagon, team and harness now belonging to the Hermleigh Telephone Company. And I hereby bind myself, my heirs, executors, administrators and assigns to forever warrant and defend the title to the said described property to the said J. N. McCaghren, his heirs, executors, administrators and assigns against every person whomsoever claiming or to claim the same or any part thereof. Witness my hand at Hermleigh, Texas, this 3rd day of January, 1912. S. E. Balch. (Formal acknowledgment, filing, etc., omitted.)

"Second. That in consideration for said bill of sale and delivery by the plaintiff, S. E. Balch, to the defendant, J. N. McCaghren, of the Hermleigh Telephone Exchange, and which was delivered by the plaintiff to the defendant in consideration of the sum set out in said bill of sale, to wit, $3,000 cash, and two notes for the sum of $500 each, dated January 3, 1912, and payable to the order of S. E. Balch on January 3, 1913, and 1914, respectively, and a chattel mortgage on the property described in said bill of sale, all of which were executed by J. N. McCaghren, and the said notes and mortgage placed in the First State Bank at Hermleigh, Tex., for the purpose only of guaranteeing the

payment of such outstanding · indebtedness as was due by the plaintiff, S. E. Balch, to other parties. That the defendant, J. N. McCaghren, reserved $50 out of the $3,000 cash payment in order to indemnify him against the state and county taxes which might be due on said telephone system, and executed his two several checks as follows:

" 'Citizens' National Bank. Odessa, Texas, 1—3—1912. No. ——— Pay to the order of S. E. Balch, $1,450.00. Fourteen hundred and fifty no/100 dollars. For telephone acct. J. N. McCaghren. [Stamped] No Protest.' Indorsed as follows: 'S. E. Balch. Ins. Funds. M.'

" 'The City National Bank. ——— Eastland, Texas. Jan. 3rd, 1912. Pay to the order of S. E. Balch, $1,500.00. Fifteen hundred, no/100 dollars. J. · N. McCaghren. No Protest.' Indorsed: 'S. E. Balch. M. No funds'

—and delivered the same and each of them to the plaintiff, S. E. Balch, in the First State Bank of Hermleigh, Tex., with instructions for S. E. Balch to cash the same and check on the money to pay his, S. E. Balch's, obligations, which the plaintiff, S. E. Balch, proceeded to do; that is, to draw checks against these two checks which were deposited by · him with the First State Bank of Hermleigh, Tex. That at the time of the delivery of the checks to the plaintiff, S. E. Balch, the defendant, J. N. McCaghren, represented to said S. E. Balch in Hermleigh, Scurry county, Tex., that he, the said J. N. McCaghren, had the money in each of the banks on which said checks were drawn, and that said checks would be paid. That said representations were false and untrue, and that said checks were presented, and neither of the same were paid to the plaintiff. That plaintiff relied on said representations, and was deceived thereby, and was induced to part with the title and possession of the property described in the bill of sale set out in paragraph No. 1 of these findings of fact.

"Third. That on the 3d day of January, 1912, the defendant, J. N. McCaghren, executed his mortgage to the plaintiff, S. E. Balch, to secure the two promissory notes above mentioned, containing the provision that, if the holder of said notes above mentioned shall at any time feel unsafe or insecure from any cause, then and in any of the foregoing events said mortgagee or his assigns, agents, or representatives, is hereby authorized ·at option to declare all of said notes due and to take actual possession of said property, and to sell the same at public auction for cash at the courthouse door in the town of Snyder, in Scurry county, Tex., with or without having possession of said property present at said sale, after having given notice of the time, place, and terms of said sale as the law now requires for sales of personal property under execution. That said mortgage was executed in due form of law and

delivered at the First State Bank of Hermleigh, Tex., with the above-described notes in completion of the contract of the plaintiff and defendant, and was delivered to said bank for the purposes only of protecting the defendant, J. N. McCaghren, against any outstanding indebtedness that might exist against the plaintiff, S. E. Balch.

"Fourth. That all of these written instruments taken together, together with the representations made by the parties at the time, constituted a full and complete contract.

"Fifth. That the representations made by the defendant, J. N. McCaghren, to the plaintiff having proved to be untrue as to the $1,450 check and as to the $1,500 check, and the plaintiff having felt unsafe and insecure by reason of all of the facts and circumstances in evidence in the case, which the court finds were sufficient to cause him to feel unsafe and insecure in the payment of the two promissory notes above described, the plaintiff declared his election and option to declare said notes due, and took possession of the property, described in finding No. 1; under the power vested in the mortgage.

"Sixth. That plaintiff has brought this suit for his debt on account of the failure of the defendant to pay the sums of money agreed to be paid by him in the plaintiff's petition alleged.

"Seventh. That it was agreed and stipulated at the time the two checks were given by the defendant to the plaintiff that the plaintiff take the money received thereon and pay his obligations therewith.

"From the above and foregoing findings of fact, I conclude as a matter of law:

"First. That plaintiff sues for his debt in payment for his telephone system which was sold and delivered by him to the defendant, J. N. McCaghren.

"Second. That the failure on the part of the defendant to pay the cash payments agreed to be paid by him by reason of his checks for $2,950 having been turned down was sufficient to cause the plaintiff to feel unsafe and insecure in the payment of the two notes at maturity, and the plaintiff, being the owner thereof, had the right to declare his option maturing them, which he did.

"Third. That the plaintiff had the right to sue in Scurry county, Tex., where the false and fraudulent representations were made for the purpose of securing the title and possession of the plaintiff's property, the said property being located in Scurry county, Tex., the mortgage lien upon same being executed in Scurry county, Tex., and the two notes being payable in Scurry county, Tex.

"Fourth. That the placing of the two notes and the mortgage in the bank at Hermleigh, Tex., under the agreement and understanding between the parties, was merely incident to the contract, and the delivery of these papers was not necessary to form a completed.

contract on which the plaintiff brought suit.

"Fifth. That the contract being completed and the agreement being entire, without reservation, the court finds as a matter of law that the plaintiff is entitled to the consideration for the sale and delivery of his property which defendant bought and accepted, and placed the written evidence thereof on the records of the county court of Scurry county, Tex."

[1] In our opinion the findings of fact and conclusions of law support the judgment as rendered, except as to the matters complained of under plaintiff in error's sixth and seventh assignments. From these assignments it appears that the trial court erroneously entered judgment awarding interest on the $1,000 evidenced by the two notes sued on at the rate of 10 per cent. per annum from January 3, 1912, when said notes only bore 8 per cent. as is elsewhere stated in the judgment, but the defendant in error having in this court entered his remittitur of the sum of 2 per cent. interest upon said notes, and asked that this court render judgment remitting said amount, we conclude that no reversible error is shown, and that said judgment with respect to said 2 per cent, excessive interest should be here reformed so as to award defendant in error 8 per cent. per annum, instead of 10 per cent. per annum, on said notes from the 3d day of January, 1912, which is accordingly done.

[2] Complaint is also made by plaintiff in error under these assignments that the lien given by the mortgage in question to secure the payment of the two $500 notes is by the terms of the judgment extended to and foreclosed for the full amount of the judgment rendered, to ·wit, $4,000. Upon examination of the judgment, we are of the opinion that this contention is well founded, and that said judgment should only award a foreclosure of the mortgage lien to secure that portion of the debt evidenced by the two $500 notes, and we are unable to agree with defendant in error that the remaining part of said judgment, to wit, $3,000, is upon the facts in this case secured by an implied lien, which this court should enforce. In support of this contention, defendant in error has cited us to no authorities, and we are unable to find any.

[3] We therefore conclude that the judgment in respect to said mortgage lien should be here reformed so as to award foreclosure only as to that portion of defendant in error's debt evidenced by the two $500 notes, and that the order of sale awarded the defendant in error should require the proceeds arising from said sale to be applied to the payment of said $500 notes and costs only, and the remainder of said proceeds, if any, be paid to plaintiff in error, and that defendant in error have execution for any balance remaining unpaid upon any portion of said

judgment, which is accordingly done. Rev. Stat. art. 1024; Williams v. Jones, 33 S. W. 1092; Halbert v. Paddleford, 33 S. W. 1092.

[4] It appearing that it was necessary for plaintiff in error to appeal to this court in order to secure the correction of the judgment appealed from as hereinbefore indicated, we are of the opinion that the judgment as herein reformed should be affirmed, and the cost of this appeal be taxed against defendant in error, and it is accordingly so done.