**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**S. J. HINKLE, Jr., Appellee.**

No. 5228.

Court of Civil Appeals of Texas.

El Paso.

Oct. 30, 1957.

Rehearing Denied Jan. 15, 1958.

McDonald & Shafer, Odessa, for appellant.

W. R. Barnes, John J. Watts, Odessa, for appellee.

HAMILTON, Chief Justice.

This is a Workmen's Compensation case, wherein S. J. Hinkle, Jr., appellee herein and plaintiff below, sued Texas Employers' Insurance Association, appellant herein and defendant below, as the result of injuries sustained by him in the course of his employment for Haynes & V-T Drilling Company, on February 14, 1954. Based upon favorable answers by the jury to special issues, judgment was entered for plaintiff-appellee in a lump sum, allowing recovery for total and permanent disability, less credit for the amount theretofore paid by appellant.

Appellee alleged that he was working on the floor of a drilling rig; that he was stabbing pipe. The derrick man had picked up a stand of pipe about two feet off the floor of the drilling rig, and appellee was guiding the pipe to set it in the box, when the pipe fell on plaintiff's left foot, cutting off the toes of his foot and severely jerking his entire body; that he suffered injury in addition to the loss of his toes by a ruptured inter-vertebral disk at the lumbo-sacro area, and that, as a result of said injuries, he was totally and permanently disabled. Appellee plead, in the alternative, that he recover for such period of time and extent of disability to which he may have shown himself justly entitled. Appellant plead that any incapacity of appellee to work was due solely to the loss of the toes of the left foot, or the loss of the use of the left leg below the knee. Although appellee plead a specific injury and a general injury, the court submitted issues covering only a general injury and, in answer to the special issues, the jury found that the injury sustained by plaintiff on or about February 14, 1954 resulted in total incapacity to labor; that such total incapacity to labor was permanent; that the injury and effects thereof was not confined to the loss of the toes of the left foot, nor to the loss of the use of the left leg below the knee. In appellant's points 1 and 2, complaint is made of the court's failure to submit requested special issues bearing on appellant's alleged affirmative defense; to-wit, that the incapacity of appellee to labor was caused solely by the loss of the toes of the left foot or the loss of the use of the left leg below the knee.

In our opinion, the court was in error in failing to submit appellant's theory of the case. Certainly if the jury had found, in answer to such issues, either that

the incapacity of appellee to labor was caused solely by the loss of the toes of his left foot, or by the loss of his left leg below the knee, then his recovery would have been confined to a specific injury. There was ample evidence in the record to support such findings by the jury, had same been made. It must be borne in mind that appellant did not allege, nor was the case tried on the theory that the injury to the left foot extended to and affected other parts of his body. Two separate and wholly disconnected injuries were alleged, one a special injury and another a general injury, but separate issues pertaining to each separate injury were not submitted to the jury, and the court having failed to submit the controlling issues separately for each injury, it was clearly in error in not granting appellant's request to have its affirmative defense submitted. Appellee contends that the court, having submitted the issues, and the jury having answered that the injury and the effects thereof were not confined to the loss of the toes of the left foot or the loss of the use of the left leg below the knee, was equivalent to the requested issues of appellant. With this we cannot agree. The jury could have believed that the injury to the back, if any, was more or less superficial and non-disabling, yet believed that the appellee was totally and permanently incapacitated to work as the result of the injury to his left foot, the recovery for which would be limited to a specific injury, as provided by Sec. 12, Art. 8306, R.C.S. Appellee testified several different times to the effect that all of his trouble was the result of the injury to his foot. The only explanation of such testimony is in answer, on re-direct examination, to the following question:

"Q. As I understand it, you are not claiming that getting your toes cut off is what caused your neck and back to get hurt in the accident, are you?

"A. No sir, I guess the pipe done that, because I had hold of it. It jerked me."

Appellee did not contend that any part of his body was struck other than his left foot, and he did not discover any pain in any other part of his body until 28 days after his injury. Plaintiff's own medical witness admitted that all of his findings (except one) upon which he based his opinion of total and permanent disability could have resulted from the loss of the toes.

To uphold the trial court's judgment in the case, we must assume that the jury found that the injury to the back resulted in total incapacity of appellee to work. There certainly has been no finding by the jury to that effect, and we cannot assume as much. Neither can we assume that the jury found that the incapacity suffered by appellee resulted from the loss of the use of the left foot.

We believe that this case is controlled by the case of Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, since the facts and points involved in that case are so nearly the same as involved in the instant case. In that case, the jury found there was an injury to the left foot and an injury to the neck, and, in answer to a special issue, the jury found that the accidental injury was the producing cause of the incapacity of plaintiff, without specifying which accidental injury, and that the accidental injury was total and permanent. In answer to another special issue, the jury found that the disability of the plaintiff was not limited to her left leg below the knee. In that case, as in the instant case, the defendant requested a special issue on its affirmative defense, to-wit, that the incapacity, if any, suffered by plaintiff was caused solely by the incapacity, if any, to her left foot, which was refused. As in the instant case, plaintiff did not allege, nor was the case tried on the theory that the injury to the left foot extended to and affected other parts of her body. The Supreme Court held that the trial court should have submitted the requested issue, and reversed and remanded the cause. We cannot do otherwise in the case before us. See also Texas

Employers Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76.

Appellant also complains of the trial court's failure to submit issues bearing on appellant's defense that appellee refused employment reasonably suited to his capacity and physical condition, procured for him in the locality where injured. Appellant testified that he offered appellee employment as a truck driver, and that this offer was not accepted. Appellee testified that he could, and subsequently did, drive a truck, and it did not hurt him to drive a truck. We think this was sufficient evidence to go to the jury on the issue of whether appellee refused employment reasonably suited to his capacity and physical condition, and that the trial court should have submitted such issues: R.C.S. Art. 8306, paragraph 12(a).

All other points of appellant are overruled without discussion.

The judgment of the trial court is reversed, and the cause remanded.