GUY E. MATTHEWS v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LIMITED.

No. A-3678. Decided January 25, 1961.
Rehearing Overruled March 15, 1961.
(343 S.W. 2d Series 251)

*Fred L. Carver* and *Ernest L. Sample,* both of Beaumont, for petitioner.

*Orgain, Bell & Tucker* and *Cleve Backman,* all of Beaumont, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a workmen's compensation case. Petitioner, as plaintiff, (parties hereafter will be referred to as they were in the trial court) appealed to the District Court of Orange County, Texas from an unsatisfactory award of the Industrial Accident Board. Plaintiff alleged that he suffered accidental injuries to his body while employed by H. W. Matthews Construction Company in Orange County, Texas. He alleged that defendant was the insurance carrier for the employer. Plaintiff sought a recovery for general injuries resulting in total and permanent disability, and in the alternative, for permanent partial disability. In response to the jury's answers to special issues, plaintiff was awarded judgment against the defendant for 32 weeks total incapacity and for a further period of 300 weeks for permanent partial incapa-

city less 46 weeks compensation theretofore paid plaintiff by defendant. The wage rate of plaintiff was such that the recovery for each week was $25.00—the maximum recovery at that time. On appeal by defendant the Court of Civil Appeals reversed and remanded the cause. 330 S.W. 2d 221. We granted plaintiff's application for writ of error.

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court. Plaintiff's petition, on which he went to trial, alleged that on May 6, 1957 he suffered accidental injury to his left foot, left leg and back when he fell 12 feet from a stack of empty concrete or cement sacks on to a wooden platform while engaged in his regular work, "causing a comminuted fracture to his left foot and leg, and injuring his back in that a previous condition of arthritis was aggravated and developing hypertrophic spondylitis and aggravating same, that in addition to the original injury to the back the late onset of the disabling condition of the back was brought on by the tilting pattern of the plaintiff's walking which was necessitated and brought on by the injury to the left leg and foot, and that now because of the above injuries and consequent damage to the bones, nerves, tissues, tendons, and ligaments of the plaintiff's left foot, left leg, and back, the plaintiff is in great pain and in a disabling condition and that as a result of said injuries the plaintiff is not able to use his left foot, left leg, or back in the performance of the usual tasks of a workman in such a way as to obtain and retain employment, which said incapacity is total and permanent to the body as a whole * * *." In the alternative, plaintiff plead that the above injuries caused him to sustain a permanent partial disability of 90% "to the body as a whole." Plaintiff's prayer was in keeping with the pleadings above outlined.

On trial, it was stipulated that plaintiff had sustained a 30% permanent partial loss of the use of his left leg below the knee on account of accidental injury to the left foot sustained in the accident. The wage rate previous to the injury was stipulated.

In its answer defendant plead a general denial; admitted its obligation to pay plaintiff a percentage of the loss of use of his left foot; denied that plaintiff sustained a back injury, or a general injury; that any incapacity plaintiff suffered was solely the result of a specific injury, and was confined solely to a specific injury to the left foot. Defendant also plead that if plaintiff sustained any injury to his back, such injuries were caused by pre-existing conditions or injury to plaintiff's back, and that such disability, or incapacity, of plaintiff was caused or brought about solely by

the previous or pre-existing conditions or injuries. The trial court submitted the cause as one of general injury.

By Special Issue No. 1, the trial court asked the jury if it found that plaintiff sustained a personal injury on or about May 6, 1957. The jury answered "yes." By Special Issue No. 1-a the jury was asked if such injury, if any, included an injury to plaintiff's back. The jury answered "yes." The jury was instructed that if they answered Special Issue 1-a "no" then they need not answer any further, but if they answered "yes" then the jury was to answer the remaining issues in the charge as instructed. Special Issue No. 2 asked if the personal injury, if any, sustained on May 6, 1957 by plaintiff, was an accidental injury; Special Issue No. 3 was conditioned on an affirmative answer to Special Issue No. 2, and asked if the personal injury, if any, sustained by plaintiff was sustained in the course of his employment; Special Issue No. 4 was conditioned on an affirmative answer to No. 2, and asked if such injury, if any, resulted in any incapacity and disability to work and earn money; Special Issue No. 5 inquired if the injury has resulted in any total incapacity to work and earn money; Special Issue No. 6 was conditioned on an affirmative answer to No. 5, and asked the beginning date of the total incapacity; Special Issue No 7 asked the date total incapacity terminated; Special Issue No. 8 asked if the injury of May 6, 1957 was the producing cause of plaintiff's total incapacity; Special Issue No. 9 asked if the injury has resulted or will result in any partial incapacity of plaintiff to work and earn money; Special Issue No. 10 asked the date any partial incapacity began or will begin; Special Issue No. 11 asked the length of such partial incapacity; Special Issue No. 12 asked the percentage of incapacity to work and earn money plaintiff has received as a result of his injury. The jury answered all issues favorably to the plaintiff.

At the request of the defendant the trial court submitted Special Issue No. 13 inquiring if the "plaintiff's injury and the effects thereof of May 5, 1957, are confined to the left leg below the knee." The jury answered "no" to this issue.

By defendant's Requested Special Issue No. 3, it sought to have the jury find from a preponderance of the evidence "that the plaintiff's incapacity to work and earn money, if any, is caused solely by his use or attempted use of his injured left leg below the knee." The trial court refused to give this requested issue and defendant assigned this as error, among others, in the Court of Civil Appeals. It was upon this assignment that the Court of Civil Appeals reversed and remanded the cause for another trial.

■ The Court of Civil Appeals held that the defense of defendant embodied in its Requested Special Issue No. 3 had been raised by the testimony of plaintiff and the doctors who testified, which testimony was admitted without any objection being raised by the plaintiff. Therefore, the Court of Civil Appeals reasoned such defense had been tried by consent of the parties, and it was error for the trial court to refuse to submit the Requested Special Issue No. 3. We hold the issue was not tried by consent of the parties, and the trial court was justified in refusing to give it because there was no pleading to support it. It is unnecessary for us to decide in this cause whether, if there had been plaedings to support the requested issue, it should have been given by the trial court. Defendant urges that Rule 67, T. R. C. P., provides for the submission of issues raised by the evidence even though there are no pleadings to support the issues, when the testimony is admitted without objection.

Rule 67 bears the heading: "Amendments to Conform to Issues Tried Without Objection," and in so far as relevant to our inquiry, provides as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case *such amendment* of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of the court upon motion of any party * * * but failure so to amend shall not affect the result of the trial of these issues; provided that *written pleadings,* before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 2 79." (Emphais is added).

Rule 277, T.R.C.P., provides in part, "in all jury cases the court may submit said cause upon special issues without request of either party, and * * * shall submit the cause upon special issues raised by the *written pleadings and the evidence in the case* * * * ." (Emphasis added).

Rule 279, T.R.C.P., provides in part, "when the court submits a case upon special issues, he shall submit the controlling issues made by the *written pleadings and the evidence* * * * and a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part * * * ." And further, (Annotations, Rule 279, Vernon's Annotated Rules of Civil Procedure, p. 219), "this provision is not intended to cut off a defendant's right to present inconsistent theories for the consideration of the jury. He would still have a right to raise

such issue by the evidence, and may use same in his argument to the jury in an effort to induce the jury to find against plaintiff's theory of the case. But under the above Rule [270] he will not be entitled to an affirmative submission of an issue on such inconsistent theory, unless he has affirmatively pleaded it."

■ In our cause no trial amendment was proposed or filed by defendant pleading the defense which he sought to have submitted by his Requested Special Issue No. 3. Defendant's theory of the case was (1) that plaintiff had suffered no injury to his back; (2) plaintiff's injury and the resulting disability was confined to the left leg and foot, and (3) if plaintiff had a back injury, it was a pre-existing injury or condition of his back which solely caused his disability or incapacity. Defendant's Special Requested Issue No. 3 is not covered by pleadings of any of the three above listed defenses.

Defendant pleaded the three above defenses, and the court submitted special issues on each—Special Issue Nos. 1-a, 13 and 14. Defendant claimed the evidence raised the defense as set out in his Requested Special Issue No. 3. This case is similar to the case of Harkey v. Texas Employers' Ins. Ass'n., 146 Texas 504, 208 S.W. 2d 919 (1948) wherein it was contended by Harkey that an issue as to good cause (different from that pleaded) had been tried by consent, and the court erred in not submitting a special issue thereon. In that case the issues were submitted by the trial court over proper objection by the defendant. The Court of Civil Appeals reversed and remanded the cause, holding, among other things, that the issues should not have been submitted. This court affirmed the judgment of the Court of Civil Appeals, and held that the issues had not been tried by consent "because issues are not *tried* merely by the hearing of testimony thereon; submission to the jury undoubtedly is a part of the process." This Court pointed out that the testimony given amounted to a failure by the plaintiff to prove his alleged ground excusing him for filing his claim for compensation within the statutory period, and said "under those circumstances, we do not think respondent [defendant] was called on to object; but that defendant had objected that the evidence "was not supported by any pleading. No consent by implication could arise from that situation." In the case at bar, the trial court did not give the requested special issue; therefore, plaintiff was not called upon to object. In his brief before the Court of Civil Appeals, plaintiff pointed out that the Requested Special Issue No. 3 was not supported by any pleadings, and plaintiff urges that in this Court. See also Safety Casualty Co. v. Teets, Texas Civ. App., 1946, 195 S.W. 2d 769, wr. ref., and

Kramer v. Wilson, Texas Civ. App., 1950, 226 S.W. 2d 675 (1,2), wr. ref., n.r.e.

■ The main issue in our case was whether plaintiff had sustained a back injury, the nature and extent of his incapacity, if any; and whether or not the plaintiff's injury or the effects thereof are confined to the left leg below the knee. All these issues were submitted to the jury by the trial court, and were answered by it favorably to plaintiff. The parties had stipulated that plaintiff had an injury to his left leg and foot.

The Court of Civil Appeals held there was evidence to sustain the jury's answers to the special issues submitted and that the jury's findings were not against the great weight and preponderance of the evidence.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Associate Justice Steakley not sitting.

Opinion delivered January 25, 1961.

Rehearing overruled March 15, 1961.