**William Fred NEUMAN, Appellant,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 5580.

Court of Civil Appeals of Texas.

El Paso.

Oct. 2, 1963.

Rehearing Denied Nov. 20, 1963.

Judgment Reversed May 20, 1964.

See 379 S.W.2d 295.

John J. Watts, Thomas A. Sneed, Odessa, for appellant.

McDonald, Shafer, Gilliland & Davis, Odessa, for appellee.

PRESLAR, Justice.

This is a workman's compensation case in which the jury, in answering special issues, found that the plaintiff suffered total and permanent incapacity for a period of 52 weeks and partial incapacity permanently. The jury also found that plaintiff's injury, and the effects thereof, were confined to his right leg, and that he suffered 35 per cent loss of use of such leg. Both parties moved for judgment on the verdict, plaintiff seeking judgment for general injury, and defendant seeking to limit recovery for a specific injury. Defendant's motion for judgment was granted—that is, plaintiff was allowed recovery only for injury to a specific member of the body.

Plaintiff, as appellant, assigns three points of error, each of which is directed at the defendant's two confinement issues and the court's entering judgment based thereon. Such issues are:

"SPECIAL ISSUE NO. 14

"Do you find from a preponderance of the evidence that the Plaintiff's injury, if any, and the effects thereof, if any, are confined to his right leg?"

To that, the jury answered "Yes".

"If you have answered the above question 'Yes', and only in that event, then answer the following special issue:

"SPECIAL ISSUE NO. 15

"What do you find, from a preponderance of the evidence, to be the loss of use, if any, to Plaintiff's right leg? Answer in percentage, letting 100% represent total."

To that, the jury answered "35%".

■ Appellant's Points of Error numbers One and Two complain of the trial court's overruling his motion for judgment because there was no evidence and insufficient evidence to warrant the submission of the above issues. Both of these points are overruled. Suffice it to say that a reading of the complete Statement of Facts satisfies us that there is ample evidence to warrant the submission of the issues to a jury.

■ Appellant's third point of error is as follows:

"The trial court erred in failing to grant Plaintiff's Motion for New Trial because, even if the issues of confinement were raised by the evidence, they were improperly submitted to the jury and, as submitted, could not support a Judgment such as the one rendered."

We agree with appellant that the issues could not support the judgment which was rendered, for they are not the ultimate fact issues necessary to confine plaintiff's recovery to injury to a specific member of the body under the facts of this case. Proper issues were tendered, but were refused by the court, so that the case will be remanded for trial on the controlling issues raised by the pleadings and the evidence.

■ It is the duty of the trial court to submit all controverted ultimate fact issues made by pleadings and evidence, and submission must be made in such manner as to fairly submit issues made by both plaintiff and defendant. Rules of Civil Procedure, Nos. 277, 279; Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S. W.2d 651 (S.Ct., 1952). Plaintiff pleaded general injuries, among which were injuries to his right leg, but it is not a case where injuries to a specific member are alleged to extend to and affect other parts of the body. It was tried on the theory of general injuries, and recovery was not sought for injury to a specific member. Defendant pleaded "that if the Plaintiff sustained any accidental personal injury, same was confined to and limited to the right leg, and that any effects thereof were confined and limited to said member, which is and was a specific injury within the meaning of the Workmen's Compensation Act; that any incapacity suffered was temporary in its nature and never permanent, and at the most resulted in the partial loss of the use of said member and not in total loss of the use thereof, and such partial incapacity has subsided and decreased by degrees to complete termination and recovery; that further, in the alternative, defendant says that any incapacity which plaintiff has had in the past or may have in the future has been and will be caused solely by the incapacity and/or injury to said member; further, in the alternative, defendant says that any incapacity which Plaintiff has had in the past or may have in the future has been and will be caused solely by the loss of the use of his right leg; * * *." Pertinent findings of the jury were, in Issue No. 1, that the "personal injury" of August 29, 1959 resulted in "total incapacity"; and in Issue No. 2, that the "personal injury" was a producing cause of the "total incapacity", and by appropriate issues the jury further found that "the injury" of plaintiff was the producing cause of partial "incapacity" which partial "incapacity" was permanent. It is readily noted that these findings, standing alone, would allow plaintiff to recover for a general injury; but the judgment

limits his recovery to an injury to a specific member because of the jury's finding that his "injury" and "the effects thereof" were limited to the right leg. As stated, we think that is not the true test of defendant's burden in seeking confinement. His burden should be on a par with plaintiff's, in that he should be required to go before the jury with the same language and seek a finding that the "incapacity" of plaintiff was due solely to the incapacity or loss of use of the leg. We think the defendant's requested Issue No. 6 was proper and that it should have been submitted instead of the above-quoted Issue No. 14. Requested Issue No. 6 was:

"Do you find from a preponderance of the evidence, that the incapacity, if any you have so found, is not caused solely by the incapacity or loss of use, if any, to the Plaintiff's right leg?"

That should then be followed by the issue submitted as No. 15.

■ There can be no doubt that if the insurer desires to limit the claimant's recovery to a specific injury under Section 12 of Article 8306, or otherwise separate the effects of general and specific injuries, the burden rests with the insurer to either request appropriate special instructions to the jury, in connection with the general injury issue, or plead, prove and secure jury findings so limiting the claimant's recovery. McCartney v. Aetna Casualty & Surety Co., 362 S.W.2d 838 (S.Ct., 1962).

Prior to the 1952 decision of the Supreme Court, in Texas General Indemnity Co. v. Scott (supra), there had been considerable confusion as to the proper method of submitting the question of incapacity being confined to a specific member, or the total incapacity of a party being caused solely by an incapacity to a specific member. That case and the following are our authority for the above form of submission: Texas Employers Ins. Assn. v. Yother (Civ.App., 1957), 306 S.W.2d 730 (wr. ref., N.R.E.); Texas Employers Ins. Assn. v.

Hinkle (Civ.App., 1957), 308 S.W.2d 543 (wr. ref., N.R.E.); McCartney v. Aetna Casualty & Surety Co. (supra).

Except for two cases, which will be discussed later, all of the cases cited by appellee as contrary to our holding were decided prior to the 1952 decision by the Supreme Court in Texas General Indemnity Co. v. Scott, supra, and are no longer controlling. Of the two cited cases which are subsequent to that decision, the case of Matthews v. General Accident Fire & Life Assurance Corp., 161 Tex. 622, 343 S.W.2d 251 (S.Ct., 1961) was decided on the basis that the issue sought by the defendant was not supported by the pleadings and was not tried by consent, so that the trial court was justified in not submitting it. The court stated that it was not necessary for them to decide whether the issue should have been given if it had been supported by the pleadings. The other case cited by appellee is Texas Employers Insurance Association v. Hinkle (supra), decided by this court and tried by the same trial court and law firms as the instant case. While the contentions of the parties were reversed in that case from the instant case, the holding is exactly the same. Judgment was entered that the plaintiff recover for total and permanent disability, and this court reversed and held that where injured employee did not allege, and case was not tried on theory that injury to left foot extended to and affected other parts of his body, and two separate and wholly disconnected injuries were alleged, one a special injury and another a general injury, district court erred in failing to submit Texas Employers' Insurance Association's theory of the case that incapacity of employee to labor was caused solely by loss of toes of left foot or loss of use of left leg below the knee, and that his recovery should be confined to specific injury. Issues like numbers 14 and 15 of this case were submitted and found against the defendant, and on appeal the plaintiff contended they were sufficient; and, in holding they were not equivalent to

the requested issues, this court, speaking through Chief Justice Hamilton, said:·

"Appellee contends that the court, having submitted the issues, and the jury having answered that the injury and the effects thereof were not confined to the loss of the toes of the left foot or the loss of the use of the left leg below the knee, was equivalent to the requested issues of appellant. With this we cannot agree."

That is the same question and the same holding as here announced.

■ Prior to the submission of the issues to the jury, plaintiff excepted to them on the basis that there was no evidence, and in the alternative insufficient evidence, to warrant submission of Issues Nos. 14 and 15. These were plaintiff's only exception to the court's charge, and they were overruled. Appellee contends that appellant has waived his right to further complain of the form of the issues. That is true as to such issues as were submitted, but our holding is that a different issue should have been given and that the burden was on defendant (appellee) to submit such issue to sustain his theory of the case. Naturally, appellant could not object to an issue not given.

All points having been disposed of, the judgment of the trial court is reversed and the case remanded.

## ON MOTION FOR REHEARING

■ Appellee, on motion for rehearing, urges that since the appellant did not object to the failure of the trial court to submit the proper issue, it must be deemed to have been found by the court so as to support the judgment within the purview of Rule 279, Texas Rules of Civil Procedure. We do not view this as a case which invokes the implied findings portion of that rule. The judgment clearly reflects that the court relied on the finding of the jury to the one "defensive issue" submitted, and not on some findings on his own on an unsubmitted issue. We could agree with appellee

if the ground of defense consisted of several issues, or component parts of one issue, and one was omitted. In such a case, the jury having answered the issues submitted, there could be an implied finding by the court as to the omitted element, so that it would be sufficient to form the basis for a judgment. Such is the holding in Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, in which the Supreme Court construed Article 2190, which case and article are the basis of Rule 279. The rule itself, by its very wording, takes our case out of the implied findings category.

■ The more difficult problem presented by appellee's motion for rehearing is the question of whether appellant has waived his right to assert his third point of error on appeal where he failed to object to the non-submission of his opponent's essential issue. In an exhaustive search of the decisions, we find no case passing on the exact situation presented by the case at bar. If we be right in our conclusion that the defensive issue submitted was not the proper one, then we are called upon to uphold an erroneous judgment for the sole reason that the complaining party failed to object to the *absence* of a material issue of his opponent. Added to that is the fact that the opponent had already excepted to the court's failure to submit the issue. Does Rule 279 require the loss of the right to have the judgment reviewed because of the failure to say "me too" when the opponent excepted to the court's action? The laudable object of this rule of procedure seems to be to require the parties to make their objections known to the trial judge so that he can correct them prior to the submission to the jury. In this case that was done when the defendant tendered his Issue No. 6, and excepted to the court's refusal of it. We believe that under such circumstances the purposes of the rule were sufficiently met, so that plaintiff-appellant has not lost his right of review on appeal. A somewhat similar situation is found in the case of Pacific Employers Ins. Co. v. Barnett, 230

S.W.2d 331 (Civ.App., 1950, ref. n. r. e.), where the trial court submitted an issue as to good cause for failure to file a claim within six months, and the issue should have been good cause for failure to file a claim for the period of time from the date of injury to the actual date of filing. There, as here, the appellee sought to avoid reversal by pointing out that there had been no objection to the issue, and also relied on the doctrine of implied findings. Review was allowed and the case reversed for the error of submission and other errors not material here.

We adhere to our original opinion. The motion for rehearing is overruled.