John Henry MEIER and Meier Motors, Inc.,
Appellants,

v.

D. W. VAN HUSS, Appellee.

No. 11180.

Court of Civil Appeals of Texas.
Austin.

May 13, 1964.

Rehearing Denied June 10, 1964.

Upton, Upton, Griffis, Shannon & Porter, San Angelo, for appellants.

O'Neal Dendy, San Angelo, for appellee.

PHILLIPS, Justice.

We withdraw our original opinion and submit the following.

This suit was brought by appellee, D. W. Van Huss, to recover certain sums of money alleged to be owing to appellee by appellants, John Henry Meier and Meier Motors, Inc.

Appellants repossessed appellee's 1955 model Dodge pickup truck allegedly under the terms of a promissory note and chattel mortgage lien when appellee became delinquent in the payment of the note.

Appellee brought suit against appellants, jointly, to recover the following: The sum of $128.34, being twice the amount of the alleged usurious interest of $66.17 paid to appellants; the sum of $85.00 alleged to have been wrongfully paid to appellants by appellee in order to obtain possession of the pickup; the sum of $30.00 for the loss sustained by appellee in being unlawfully deprived of the use of the pickup by appellants; and the sum of $1,500.00 as exemplary or punitive damages. Appellee had paid appellants the alleged interest and the $85.00 item mentioned above in order to regain possession of the truck. The $85.00 consisted of $35.00 described as a "pick up charge" and $50.00 as a "late charge."

The court entered judgment for appellee upon the jury's verdict for the total sum of $658.34, together with interest and court costs, said amount representing $30.00 for the loss of the use of the pickup, $128.34 being twice the amount of $64.17 as usurious interest, and $500.00 as exemplary damages.

We affirm part of the judgment of the trial court subject to the reformation here-

inafter described; and reverse and render part of said judgment.

The court submitted, and the jury answered issue No. 2 as follows:

"From a preponderance of the evidence, what sum of money, if any, do you find was included as interest in the note signed by D. W. Van Huss, on July 31, 1961? Answer in dollars and cents, if any. Answer: $————.

"The jury answered $44.63."

Appellants maintain that the court erred in submitting in the court's charge to the jury the definition of "interest" in connection with special issue No. 2 of the court's charge to the jury over appellants' timely objection. That such definition should have also contained the additional words:

"You are further instructed that a seller may have a cash price for his commodities and may have also a different and higher time credit price for the same commodity, and that such difference in said prices do not constitute interest for the forbearance, use and retention of money or credit."

That the court erred in refusing to submit in the Court's charge to the jury, appellants' requested special issue, which reads as follows:

"Requested Special Issue No. ————. Do you find from a preponderance of the evidence that the plaintiff, D. W. Van Huss, paid to the Defendants usurious interest on his contract of indebtedness: Answer 'yes' or 'no.' Answer: ————. In connection with the foregoing Special Issue, you are instructed that by the terms 'usurious interest' is meant that interest which is greater than 10% per annum on the amount of the contract. In this connection, you are further instructed that a seller may have a cash price for his commodities and may have also a different and higher time credit price for the same commodity, and that such difference in said prices do not constitute

interest for the forbearance, use or detention of money or credit."

The evidence discloses that appellee signed a "purchase Money Chattel Mortgage" reciting that the described pickup had a "Total Time Credit Price" of $773.80, less a down payment of $295.00 leaving a "Total Time Balance" of $478.80 which appellee agreed to pay to appellants in six monthly installments of $79.80.

Appellants' testimony was that the price of the car, that is, the cash price of the car, was $695.00, that the tax license and transfer was $34.63; that the sum of these two figures was the total cash selling price; that the time selling price was $773.80; that the difference between the total cash selling price and the time selling price was $44.17. The jury found that this last amount was interest. To this was added a $20 fee which appellants testified they collected by adding 10% to the delinquent payments. The total of $44.17 and the $20 interest fee is $64.17, which doubled is $128.34. Art. 5073, Vernon's Ann.Civ.St.

Art. 5074a, V.C.S., allows a dealer a cash price and a different and higher time credit price. Under the evidence presented, appellants would possibly have been entitled to their requested charge and issue had they plead the provisions of Art. 5074a as a defense.

■ We must overrule appellants' contention that the court erred in refusing to submit their requested issue and charge to the jury. Rule 279, Texas Rules of Civil Procedure, states that a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part. Appellants answered by general denial only, thus precluding the defense they sought to assert in their requested issue and also by the definition of usury that they requested. Matthews v. General Accident Fire & Life Assurance Corporation, 161 Tex. 622, 343 S.W.2d 251.

Inasmuch as we affirm the judgment for usurious interest as plead by appellee, we reform it so as to allow appellee to recover from appellants the $35.00 item described as "pick up charge" and the sum of $50.00 collected from appellee by appellants as a "late charge." This is in addition to the $128.34 which is twice the amount of the usurious interest allowed by the court and the $30 for the loss of the use of the pickup.

We reverse and render that portion of the judgment that grants appellee $500 for exemplary damages. For exemplary or punitive damages in a case such as this there must be evidence of aggravated circumstances showing malice, fraud or gross negligence. There is no evidence in this record to sustain any of these elements. Panola Motor Co. et al. v. Corbin, Tex. Civ.App., 253 S.W.2d 688, writ refused.

Part of the judgment of the trial court is affirmed as reformed and part reversed and rendered.

Reformed and affirmed in part and in part reversed and rendered.