**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

v.

**Bonnie Lee TAYLOR, Appellee.**

**No. 752.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 14, 1974.

William Drew Perkins, Lufkin, for appellant.

Tony Korioth, Austin, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a judgment entered upon a jury verdict awarding appellee-plaintiff recovery for total and permanent disability against appellant-defendant under the Workmen's Compensation Act.

Appellant's points of error are that there is no evidence and insufficient evidence to support the answer to Special Issue No. 1 [1] and the answer to said issue is against the great weight and preponderance of the admitted evidence.

When the assignment is that there is "no evidence," the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and all evidence which would lead to a contrary result must be discarded. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957). When the contention is made that the evidence is insufficient to support the jury findings, or the findings are against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

The appellee, Bonnie Lee Taylor, an employee of Ralston Purina Co., was injured on March 15, 1971, while hanging empty trays in the chicken house. Mrs. Taylor was 58 years old at the time of the injury and 60 years old at the time of trial; that the injury was "accidental" was stipulated.

She worked two weeks after the injury and, after experiencing pain in her back, saw her local family physician and a chiropractor from a neighboring town. The pain persisted and she was taken by her son to see Dr. G. B. Stephenson, an orthopedic specialist, in Beaumont, Texas. Dr. Stephenson ran tests and concluded that she had an operative back injury. The appellant insurance company sent her to Dr. P. M. DeCharles in Tyler who, after an examination and a subsequent myelogram, performed a laminectomy on September 15, 1971.

Dr. DeCharles continued to give post operative treatment until December 17, 1971, when she was discharged. It is his opinion that the operation was successful and that she had total disability from March 15, 1971, to December 17, 1971, and after that date she had partial permanent disability. She has not seen Dr. DeCharles since that date.

On January 7, 1972, she again returned to Dr. Stephenson complaining of pain in her foot and toe. Dr. Stephenson prescribed a foot brace and she has not seen him since that date.

Her back seems to have given her minimal trouble after the operation but her foot and toe became an increasing problem.

She has seen Dr. Steve Oates, her family physician, since the date she returned to Dr. Stephenson in January, 1972, on various occasions, specifically, in May, 1973, when she broke her leg. None of these oc-

---

1. "SPECIAL ISSUE NO. 1:
   Do you find from a preponderance of the evidence that the total incapacity of Bonnie Lee Taylor resulting from the injury of March 15, 1971, is permanent, or was or will be temporary?
   Answer 'Permanent' or 'Temporary.'
   Answer: Permanent."

casions was in connection with the pain in her foot or toe. She never complained to him of injury to, or pain in, her foot or toe.

The appellee-plaintiff testified that prior to the injury she worked for Purina about six months out of every year between 1961 and the date she began work for E. L. Bruce; that she worked for Bruce for 4 years prior to going back to work for Ralston-Purina; that prior to the injury which is the basis of this claim, she worked in her garden, flower beds, went fishing and hunting with her husband; that she did anything handy that she wished to do and anything else she wanted to do, but since the injury she could do nothing except cooking and light housekeeping. She could not do heavy housecleaning nor work in her flower beds. She could not get out in her garden and could not work on unlevel ground. She still had pain in her back when she saw Dr. Stephenson the second time, which was after Dr. DeCharles had released her. She had pain in her back at time of trial and every week or so had to take something to go to sleep. Also at time of trial the pain in her back bothered her when she tried to do any work and she could not lift anything. She now has a nagging pain in her back instead of the "cutting pain" she experienced prior to the operation.

Bessie Broadway who had known Mrs. Taylor, the appellee, all her life was asked what difference she had noticed in Mrs. Taylor after the injury. She said she had noticed the difference in her walking and limping, which she continued to notice after the operation.

Appellee's husband testified that she wore the foot brace prescribed by Dr. Stephenson all the time and was physically able to do anything prior to the injury. He also testified that after the injury she could not do her normal housework.

Dr. Stephenson testified that when he saw her after the operation on January 7, 1972,

she was complaining of some pain in the lower part of her back. He further testified that appellee had a foot-drop condition from her operation and that it would be difficult to do any heavy work; that "heavy work," as described by Dr. Stephenson, requires a great deal of lifting, bending and stooping.

■ Viewing the evidence in the light which we must, and after a consideration of the entire record, we have concluded there is evidence to support the jury finding to Special Issue No. 1 and that such finding is not against the great weight and preponderance of the evidence.

Appellant also complains about the jury's answer of "permanent" to the special issue inquiry whether the total disability was "permanent" or "temporary" because it contends the disability was not a general injury to her back but a specific injury to her toe or foot. We do not believe the facts as revealed by the record bear out this contention. But even if they did, the appellant-defendant did not plead any confinement of the injury to the toe and foot, ask for any trial amendment or offer or request any special issue attempting to discover if the disability of the appellee, Bonnie Lee Taylor, was limited to the toe or foot. As a matter of fact, appellant made no objection to the charge at all.

■ Under Rule 279, Texas Rules of Civil Procedure, the appellant is not entitled to a submission of his theory or issue unless he has specifically plead this defense which he did not do in this case. Matthews v. General Accident Fire & Life Assurance Corp., 161 Tex. 622, 343 S.W.2d 251 (1961).

Appellant having failed to allege, request or urge any special issue covering its theory of limitation of a specific injury cannot raise the issue at this late date. Matthews v. General Accident Fire & Life Assurance Corp., supra.

Judgment affirmed.