Huelene WALKER, Individually and as
President of Jamestown Inns,
Inc., Appellant,

v.

Patricia J. RABKE, Appellee.

No. 17817.

Court of Civil Appeals of Texas,
Fort Worth.

April 22, 1977.

Kelsey & Wood, R. William Wood, Denton, for appellant.

Phillip O. Vick and Roger D. Shipman, Denton, for appellee.

## OPINION

HUGHES, Justice.

Lessee, Patricia J. Rabke, sued Huelene Walker and The Jamestown Inns, Inc. for return of her apartment security deposit, $100.00 plus damages of treble the amount of the portion of the deposit wrongfully withheld under Tex.Rev.Civ.Stat.Ann. art. 5236e (Supp.1976–77), overpayment of rent, and attorneys' fees. Defendants appealed from a judgment entered on an adverse jury verdict. We reform; as reformed the judgment is affirmed.

A jury found that Walker acted in bad faith in not returning Rabke's $50.00 deposit; that Rabke's rent under the lease was overpaid by $29.70; that Rabke's reasonable attorneys' fee was $175.00; that Rabke did not fail to take good care of Walker's apartment and its furnishings; and that Rabke gave Walker notice of intention to vacate thirty days before the expiration of the term for which she had rented the apartment.

The trial court overruled Walker's motion for judgment non obstante veredicto and rendered judgment for Rabke in the amount of $279.70 plus $175.00 attorneys' fees with interest at 9% from date of judgment on both amounts.

The record reveals that Rabke leased an apartment from Walker, the president and only stockholder of The Jamestown Inns, Inc. The written lease provided for a term beginning August 22, 1974, and ending May 22, 1975. It further provided that Rabke had to give Walker thirty days' written notice of intention to surrender premises in order to get her deposit back. The contract provided for rent of $85.00 per month, payable on the first day of each calendar month. Rabke was required to pay $29.70, and $170.00 for the first and last months' rent in advance, as well as a $50.00 deposit. Receipts admitted into evidence reflect the payment of these amounts plus $85.00 for each month of the lease from October 1974 through April 1975, inclusive. A receipt dated 8/29/74 reflects the following entries:

| | |
|---|---|
| Bal. Aug. | 29.70 |
| Sept. | 85.00 |
| May | 85.00 |

Rabke testified that she called Walker's attention to her having paid $85.00 for May although the written lease terminated May 22, 1975, saying, " 'That means I can stay until the end of May,' and she (Walker) said, 'Yes, I will have to remember that.' " Rabke testified she gave written notice on May 1, 1975, of intention to vacate the

apartment on May 30, 1975. She testified she handed the notice to Walker personally. Walker denied ever receiving it. Walker asked Rabke to vacate on May 22, 1975, and she did. Walker did not return the $50.00 deposit to Rabke nor did she provide an itemized list of damages to the apartment, as required by art. 5236e. There was conflicting testimony whether Rabke furnished Walker her forwarding address, as required by art. 5236e. Walker testified Rabke did not. Rabke testified she gave Walker her permanent address when she executed the lease and also furnished an address by a letter in July 1975. Walker admitted receiving a letter from Rabke in July 1975 requesting the return of the deposit or an itemization of damages, to which she did not reply.

Walker asserts that there is no evidence and insufficient evidence to support the jury's finding that Rabke gave thirty days' notice of her intention to surrender the premises.

■ We disagree. "In deciding 'no evidence' points . . . an appellate court must consider only the evidence and inferences tending to support the findings, and disregard all evidence to the contrary." *Commercial Standard Insurance Company v. Allred*, 413 S.W.2d 910, 913 (Tex.1967). We find sufficient evidence and inferences in this case in support of the jury's findings that Rabke gave thirty days' notice before the expiration of the term for which she had rented the apartment.

Neither do we find that the verdict is so against the weight of all the evidence as to be clearly wrong and unjust. *Twin City Fire Insurance Company v. Taylor*, 505 S.W.2d 938 (Tex.Civ.App.—Tyler 1974, no writ).

■ We do not think that the trial court misstated the law in its instruction with Special Issue Number 1, nor do we think the trial court commented on the weight of the evidence by assuming, as Walker contends, that Walker failed to return the deposit within the specified time. The instruction was:

". . . Under our law, a failure of a landlord to return a security deposit to a tenant within 30 days or within that time to provide a written description and itemization of deductions from. such deposit may, but not necessarily must be, considered sufficient evidence that the landlord acted in bad faith in failing to return the deposit within such time."

We hold that the trial court's instruction fairly paraphrases the following sections of Tex.Rev.Civ.Stat.Ann. art. 5236e:

Section 4(c)

". . . Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith."

Section 6(a)

". . . Notwithstanding any other provision of this Act, a landlord is not obligated to return the security deposit or furnish a written description of damages and charges until the tenant has furnished a forwarding address."

■ Walker argues that the court's instruction was defective because it did not inform the jury of the specific time from which the thirty-day period runs and in which the landlord must return the deposit or an itemized list of damages. However, it is undisputed that Walker never returned the $50.00 deposit, and we hold that the error in the instruction, if any, was harmless. Tex.R.Civ.P. 434.

We overrule Points of Error Numbers 5 and 9 in which Walker argues that the following special issue constituted a comment on the weight of the evidence:

SPECIAL ISSUE NO. 3

"What amount of money, if paid now in cash, do you find from a preponderance of the evidence would fairly compensate Patricia J. Rabke for a reasonable attorney's fee to be paid to Phillip O. Vick for his professional services as an attorney for her in this case?

Answer by stating a sum in dollars and cents.

WE, THE JURY, ANSWER: $_____.''

Walker argues that asking for an answer in dollars and cents and the use of the word "professional" are comments on the weight of the evidence.

■ This court is authorized to reverse a judgment because of error only when we are of the opinion such error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Horn v. Atchison, Topeka and Santa Fe Railway Co.*, 519 S.W.2d 894 (Tex.Civ.App. —Beaumont 1975, no writ); Tex.R.Civ.P. 434.

■ We hold, that, in this case, the instruction, "Answer by stating a sum in dollars and cents," is not reversible because, under Art. 5236e, the statute affords the complainant the right to recover attorneys fees in some amount, if right not waived and they otherwise prevail in the jury verdict. There was ample testimony of "professional" legal services rendered, and we therefore overrule the point complaining of the use of the word "professional." The services of a licensed attorney in conduct of litigation are properly denominated "professional."

■ Walker also complains of that portion of the judgment awarding Rabke 9% interest on the judgment, even though Rabke's pleadings and prayer asked for only 6%. Rabke contends that this discrepancy of 3% calls for a remittitur, not a reversal. We conclude that no reversible error is shown and that the judgment should be reformed to conform to the 6% interest asked for in the pleadings. *McCaghren v. Balch*, 152 S.W. 680 (Tex.Civ.App.—Amarillo 1912, writ dismissed). We order that the judgment be reformed accordingly.

■ Walker's remaining points attack the jury's finding that Rabke overpaid her rent under the lease by $29.70 for the month of May. Walker argues that Rabke was obligated under the lease to pay the full $85.00 for May even though the lease terminated on May 22, 1975. We overrule all the remaining points of error and hold

there was ample evidence to support the jury's answer.

Judgment reformed to provide 6% as interest to be paid; and as reformed, affirmed. Costs of appeal are taxed against appellants.